Rev. D. S. Manning, J. Benjamin Nace, Simon Brown, Elijah Row and J. H. Rank, on behalf of themselves and such other members of Seybert's Church, of the Evangelical Association of Williamstown, Pennsylvania, as may desire to become parties to this bill of complaint, Plaintiffs, *v.* Rev. James M. Shoop, Rev. George W. Gross, Solomon Shoffstall, John Weidel, J. H. Workman, James Straub, Wm. H. Kinsinger, Franklin Leightner, Jonathan L. Nace, Robt. Drum and Edwin Row, Defendants.

*Equity—Equity practice—Costs.*

In equity the question of costs is largely within the discretion of the court, and the Supreme Court will not reverse a decree of the lower court as to costs, except in a case where the discretion of the lower court has not been wisely and justly exercised.

In a contest between two contending factions in a church congregation, where the church corporation intervenes as a party defendant and joins in the answer to the bill of complaint, and a decree is entered in favor of the plaintiffs, the court may in its discretion impose the costs upon the church corporation.

Argued June 4, 1895.  Appeal, No. 26, May T., 1895, by plaintiffs, from decree of C. P. Dauphin Co., No. 153, Equity

Docket, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to restrain the occupation of the pulpit and parsonage of a church.

The case was referred to a master who reported in favor of the plaintiffs.

The hearing upon exceptions to the master's report was held over by agreement of parties until the decision of the Supreme Court was rendered in the case of Krecker et al. v. Shirey et al., 163 Pa. 534. After the announcement of this decision a decree was entered in the court below, without argument, in favor of the plaintiffs. In this decree the matter of costs was disposed of by the court in the following language: "It is further ordered that the costs accrued in this case be paid by the plaintiffs, who represent the Seybert's Church of the Evangelical Association of Williamstown, Penna."

Subsequently a motion to modify this decree was filed by the plaintiffs, and after argument the court, on April 23, 1895, modified the decree as follows :

"And now, to wit, April 23, 1895, a motion having been made to amend the decree entered October 30, 1894, in the above stated case, so far as it relates to the payment of the costs, and it having been shown on the argument that the corporation of Seybert's church asked leave of the court to become a party to the case and to join in the answer, and that it did actually join in the answer made to the bill of complaint, and the intention of the court in making the original decree as to the costs being that the said corporation should pay said costs, leave is hereby given nunc pro tunc to said Seybert's Church to become and be a party defendant in said suit, and the aforesaid decree is hereby modified as follows :

"That the corporation of the Seybert's Church of the Evangelical Association of Williamstown, Pa., pay the costs accrued in this case out of the funds and property of said corporation."

*Errors assigned,* were (1) decree of April 23, 1895, as above, quoting it; (2) in making Seybert's Church of the Evangelical Association a party to the bill of complaint nunc pro tunc,

after a final decree had been entered, for the purpose of imposing the costs upon said corporation; (3) in decreeing that the corporation of the Seybert's Church of the Evangelical Association of Williamstown pay the costs accrued in this case out of the funds and property of said corporation ; (4) in not imposing the costs of said proceeding upon the defendants; (5) in not imposing at least a portion of the costs accrued in said case upon the defendants.

*Robert Snodgrass*, for appellants.—The disposition of costs in equity proceedings is largely within the discretion of the court, but it must be a reasonable and not an arbitrary discretion. In other words, after the prosecution of a long and expensive litigation, the successful party is entitled to costs, unless some good and sufficient reason be shown to the contrary : Riddle's App., 19 W. N. C. 219; Coleman v. Ross, 46 Pa. 180; Swentzel v. Penn Bank, 147 Pa. 140 ; Normal School v. Cooper, 150 Pa. 78.

*J. C. McAlarney*, for appellees.—In equity, costs do not always follow a decree against a party. They rest on the sound discretion of the court, and are to be awarded or refused according to the justice of each particular case : Gyger's App., 62 Pa. 73; O'Hara v. Stack, 90 Pa. 477.

PER CURIAM: July 18, 1895.

The single question presented by this appeal is whether the learned court erred in decreeing " that the corporation, the Seybert's Church of the Evangelical Association of Williamstown, Pa., pay the costs accrued in this case out of the funds and property of said corporation."

It is conceded that in cases such as this, the courts are invested with discretionary authority as to the disposition of costs. In view of the facts disclosed by the record in this case we are fully satisfied that the discretion, with which the learned president of the common pleas was thus invested, was wisely and justly exercised, and the decree should not be disturbed.

Decree affirmed and appeal dismissed with costs to be paid by appellants.