Ferguson *v.* Bole (et al., Appellants).

Argued November 14, 1950. Before Hirt, Reno, Dithrich, Ross and Arnold, JJ. (Rhodes, P. J. and Gunther, J., absent).

*Louis Vaira,* for appellants.

*Theodore A. Tenor,* for appellee.

Opinion by Dithrich, J., January 12, 1951:

In this action to quiet title to certain real estate situate in Beaver Falls, Pennsylvania, appellants appeal from an order of the court below directing them to pay the costs. They contend that they were "interveners" in the action and, as such, could be assessed only with the costs which accrued after their intervention. That is the sole question for argument under Rule 22. The question turns on whether they were "interveners" or "intermeddlers", as found by the learned president judge of the court below.

The facts, which are not in controversy, briefly stated are as follows. John M. Ferguson, appellee, became the purchaser of the premises in question by deed

from the Beaver County Commissioners, the Commissioners having acquired title thereto by deed from the Treasurer of Beaver County, the property having been sold at Treasurer's sale as the property of James R. Bole, who died testate September 18, 1935, a resident of Allegheny County, Pennsylvania.

The action named as defendants the executor of the last will and testament of James R. Bole and all of his heirs, among whom was his wife, Eva Bole, who owned an undivided one-half interest in the property. Her whereabouts being unknown at the time of the commencement of the action, she was served by publication, the last publication being made on November 6, 1948. On December 6, 1948, Newton M. Samuels and Wilson J. Samuels, appellants, filed an answer to the complaint and in paragraph 13 thereof they claim that they ". . . are parties in interest hereto by reason of succession to and conveyance from Eva E. Bole, widow, of all her right, title and interest to the premises described in Paragraph 6 of the Complaint by virtue of a deed dated December 1, 1948 from the said Eva E. Bole . . ."

Plaintiff filed preliminary objections to the answer, and defendants having alleged in paragraph 15 of their answer that there was a variance between the description set forth in the deed to the County Commissioners and the description in paragraph 6 of the complaint, Judge SOHN, who heard the argument on the preliminary objections, said in an opinion overruling them: ". . . the only question to be adjudicated at trial, relates to the identity of the land described in the sixth paragraph of the complaint." At the trial before MC-CREARY, P. J., the jury found in favor of plaintiff: "Costs to be paid by Newton M. Samuels and Wilson Samuels, defendants and intervenors."

Exceptions to the bill of costs, styled "Appeal from Taxation of Costs," were filed with the prothonotary

308

and in due course came on to be heard by the court. As stated in the opinion of the learned president judge: "There is only one item in the long list of exceptions which is now before the Court for consideration. The question we now have to determine may be briefly stated as follows: Where none of the parties in interest in a property which has been sold at tax sale file any answer to a complaint in an action to quiet title, and none enter any appearance, but one of the parties sells all her right, title and interest in the land to a stranger after service of the complaint on her, and the purchaser[s] of her right file an answer to the complaint without obtaining leave of court to intervene as a party defendant, and the jury, after trial, renders a verdict in favor of the plaintiff and against the purchasers, directing them to pay the costs of the proceeding, are the costs that are to be paid by the alleged interveners limited to the amount of costs which accrued after the entrance of their appearance, or may the Court assess all the costs, including those which accrued prior to the alleged intervention, against the purchasers?"

We do not have a transcript of the testimony, but as stated in the opinion of the court, by which narrative appellants are bound in the absence of a transcript, "Before the jury one of the Samuels brothers testified that the consideration for the quit-claim deed which he received from Eva Bole was $1.00, but that he had a side agreement with her whereby he was to pay more to her if he would be successful in convincing a jury that her interest was worth anything." The court continued: "In the commentary to Rule 2327-6.—Persons Who Could Have Been a Party., Goodrich-Amram makes this observation: 'The rule does not open the door to intermeddling interveners'. In commenting on rule 2327-7—Persons Possessing a Legally Enforceable Interest—the author says: 'The exact boundaries of

the "legally enforceable interest" limitations are not
clear. It owes its origin to the desire of the courts to
prevent the curious and the meddlesome from interfer-
ing with litigation not affecting their rights.' . . . Since
they did not file a petition for leave to intervene, we
are not disposed to label them as interveners; they are
rather intermeddlers."

Appellants appear to be smarting under the stigma
of having been castigated by the court as "Simon-pure
intermeddlers." But whether they be held to have in-
juriously intermeddled in the action or to be parties
"substituted" for Eva Bole, as suggested by appellee,
in either event they could be assessed with the costs
accruing not only after but before their alleged inter-
vention or substitution.

In support of their position they rely chiefly on
the Goodrich-Amram commentary on Rule 2330(a)-1,
Status of Intervener, that "If the claim or defense of
the intervener is separate and distinct from that of the
other parties to the action, the liability of the inter-
vener is limited to those costs which may be attributed
to his defense or claim. Otherwise he will be liable,
either alone or jointly with other parties, for all costs
which arise subsequent to his intervention.[4]" The foot-
note says: "See 15 Standard Pa. Prac. Chap. 73, p.
502, §82." Section 82 is as follows: "Interveners.—
Where an outsider to the record intervenes and is un-
successful, he is liable for all costs accruing after his
intervention.[14]" The footnote cites *Manning v. Shoop*,
170 Pa. 236, 32 A. 412. As stated in the syllabus: "In
a contest between two contending factions in a church
congregation, where the church corporation *intervenes*
as a party defendant and joins in the answer to the
bill of complaint, and a decree is entered in favor of
the plaintiffs, the court may in its discretion impose
the costs upon the church corporation." (Italics sup-
plied.) On appeal by plaintiffs one of the errors as-

signed was that the court had erred "in not imposing at least a portion of the costs accrued in said case upon the defendants." The Supreme Court said (p. 238): "In view of the facts disclosed by the record in this case we are fully satisfied that the discretion, with which the learned president of the common pleas was thus invested, was wisely and justly exercised, and the decree should not be disturbed." We feel the same way about the discretion vested in the president judge of the Court of Common Pleas in the instant case.

Since appellants, without petitioning the court for leave to intervene as required by Pa. R. C. P. No. 2328, stated in their answer to the complaint that they were "parties in interest . . . by reason of succession to and conveyance from Eva E. Bole, widow," without claim of any prior interest on their part, the most they could have attained had the jury found in their favor would have been a one-half undivided interest in the property. As aptly stated by the court below "They elect[ed] to stand in her [the widow's] shoes." If she had answered the complaint and the verdict had been against her, there could be no question of her liability for the costs; and "Generally speaking, when a party is substituted for one already on the record, the substituted party assumes the owner's liability for costs." 15 Standard Pa. Prac. Chap. 73, p. 502, §83. We find nothing in the record before us to make this case an exception to the general rule.

The order is affirmed at appellants' costs.