[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON BILL OF COSTS
I.
Factual Background
The plaintiff, Robert DeRosa, brought this suit against the defendant, ShopRite Supermarket, Inc. (hereinafter, "ShopRite"), alleging that its negligence caused him to slip and fall while preparing a display rack for his employer, the Coca Cola Bottling Co. of New York (hereinafter, "Coca Cola"). Pursuant to General Statutes 31-293(a), Coca Cola intervened in this action as a party plaintiff. Trial was held in February 1993 and the jury rendered its verdict for the defendant ShopRite. In its Bill of Costs, the defendant claimed a witness fee for Dr. Barnett of $3,370.00 ($1,800.00 for his court appearance and $1,570.00 for his deposition) and $3,900.00 for Dr. Ferraro's court appearance.
Both plaintiffs, DeRosa and Coca Cola, filed objections to the defendant's Bill of Costs.
 II.
Discussion
 A.
The intervening plaintiff, Coca Cola, argues that it should not be liable for costs since its presence in the action CT Page 9380 is merely by virtue of the statutory cause of action provided under General Statutes 31-293 (Worker's Compensation Act). Coca Cola asserts that it is a party to this action only to the extent necessary to preserve its right to recoup worker's compensation benefits paid to the plaintiff. Coca Cola did not participate in the trial.
General Statutes 31-293 provides in pertinent part:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, . . . such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate.
General Statutes 31-293(a) (rev'd to 1993).[1]
This statutory scheme provides an employer such as Coca Cola with at least three options after it pays or becomes obligated to pay an injured employee worker's compensation benefits: commence suit on its own, join a suit filed by the employee, or simply do nothing.
General Statutes 31-293 gives an employer an absolute right to join in the employee's action as a party plaintiff as CT Page 9381 long as the joining is accomplished within thirty days of notice of the employee's suit. Hallenbeck v. St. Mark the Evangelist Corp., 29 Conn. App. 618, 623, (1992). Pursuant to this section, any damages that are recovered in a suit against a third party "shall be so apportioned that the claim of the employer shall take precedence over that of the injured employee in the proceeds of such recovery." General Statutes 31-293.
Coca Cola argues that it should not be liable for any costs. This is disingenuous. If Coca Cola wanted to avoid the costs of litigation in this action, it could have refrained from intervening as a party plaintiff. Presumably the determination to intervene was made because Coca Cola believed there was some possibility of recouping the benefits paid to its employee, Mr. DeRosa. Had the plaintiff and the intervening plaintiff been successful, Coca Cola would have recovered first. In essence, Coca Cola wants to have its proverbial cake and eat it too. It may not.
Other jurisdictions also agree that an intervenor, being a real party in the action is entitled to costs if it prevails or is liable for costs if it fails. See, State v. Fitzsimmons,33 N.W.2d 854, 855 (Minn. 1948); Ferguson v. Bole,168 Pa. Super. 305, 77 A.2d 711; Whitener v. Turnbeau, 602 S.W.2d 890
(Mo.App. 2980).
 B.
Both plaintiffs argue that the fee for Dr. Barnett's deposition in the amount of $1,570.00 is not an allowable taxable cost. The plaintiffs argue that General Statutes 52-257(b)(1) does not provide for the payment of legal fees for depositions, but only for appearances at court.
General Statutes 52-257(b)(1) provides that the prevailing party shall receive the legal fees for each witness attending court. General Statutes 52-260(f) however, provides that "[w]hen any [physician] . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the [physician] . . . and taxed as part of the costs in lieu of all other witness fees payable to the [physician]." (Emphasis added.)
Thus, the dispositive issue is whether "any action or proceeding" encompasses the deposition of Dr. Barnett. The issue CT Page 9382 is not one of first impression. As a trial judge, Justice Berdon stated:
 It is quite obvious that "action" as used in 52-260(f) has reference to a live trial. Therefore, the question simply is whether the cost of the depositional testimony of Dr. . . . [Barnett] comes within the statutory requirement that it be testimony "in a proceeding". Proceeding must be broadly construed to include any step or measure taken either in the prosecution or the defense of an action . . . . Clearly, then, under 52-560(f) the deposition is a proceeding.
Kirk v. Vagnini, 11 Conn. Law. Trib. No. 26 (Super.Ct., July 1, 1975, Berdon, J.); see also Ahern v. Moskovitz,2 Conn. L. Rptr. 471
(September 26, 1990, Maloney, J.) (holding that the cost of a doctor's deposition is covered by Conn. Gen. Stat. 52-260(f)).
It should be noted, however, that in both Kirk v. Vagnini and Ahern v. Moskovitz, where the costs of the doctors' depositions were awarded, the doctor did not testify at trial. Arguably the present case can be distinguished from these cases. In the present case, the defendant seeks to recover fees for Dr. Barnett's deposition ($1,570.00) as well as his court appearance ($1,800.00).[2] This court is obviously aware of the importance of a deposition. A party should not be penalized simply because it takes the deposition of an expert witness. The deposition fees of the defendant's physician were properly included in its Bill of Costs pursuant to General Statutes 52-260(f).
 C.
The final issue is the amount of the fee to be awarded. This court is not troubled by Dr. Barnett's fees and they are awarded to the defendant. General Statutes 52-260(f). Dr. Ferraro's fee requested is simply too high for his time at trial and the fee award is set at $1,800.00.