[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 7, 1997 CT Page 2631
This matter was tried to conclusion which resulted in a jury verdict for the defendant on March 7, 1995. The defendant filed a bill of costs dated March 15, 1995 (# 141), seeking, among other expenses, a witness fee for Dr. Robert Ferraro, in the amount of $1,500.00. The plaintiff has objected to this particular cost and the parties seek a ruling as to whether the defendant is entitled to recover this cost and whether the amount is reasonable.
It is the defendant's claim that he is entitled to be reimbursed for the deposition fee of $1,500.00 that he incurred in order to take the deposition of Dr. Ferraro, a treating physician of the plaintiff. Dr. Ferraro was called as a witness by the plaintiff and did testify at trial on behalf of the plaintiff. It is the defendant's claim that under Connecticut General Statutes § 52-260 (f) that he is entitled to tax as a cost the deposition fee paid to Dr. Ferraro. It is the plaintiff's claim that under § 52-257, the prevailing party is entitled to tax costs for witnesses "attending court." The plaintiff argues that Dr. Ferraro's fee was incurred for his testimony at a deposition and not for a court appearance and therefore the deposition fee is not a permissible cost.
The defendant cites a superior court case, DeRosa v. ShopriteSupermarket, 10 CONN. L. RPTR. 375, 2993 Ct. Casebase 9379,8 CSCR 1273, in which the prevailing party, the defendant, sought to recover the deposition fee for a doctor who appeared on its behalf. Judge Berger, analyzing both § 52-257 (b)(1) and52-260 (f) pointed out that the critical dispositive issue is whether § 52-260 (f), which speaks to any "action or proceeding," "encompasses an out of court deposition." Judge Berger cites Justice Berdon's trial decision in Kirk v. Vagnini,
11 Conn. Law Trib. No. 26 (Super.Ct. July 1, 1975), in which he finds that "proceeding must be broadly construed to include any step or measure taken either in the prosecution or defense of an action." He concludes that under § 52-260 (f) a deposition is a proceeding, and therefore, the cost of that deposition is taxable under the provisions of § 52-260 (f). This court is persuaded by both the decisions in Kirk and Ahern v. Moskowitz,
1990 2 CONN. L. RPTR. 472 (September 26, 1990) (Maloney, J.), which also permitted as a taxable cost a deposition of a doctor who was not called to testify at trial, reasoning that "proceeding" includes pretrial depositions. Therefore, this court finds that the deposition fee of Dr. Ferraro is a permitted CT Page 2632 taxable cost.
The plaintiff has not argued that the fee paid to Dr. Ferraro of $1,500.00 for his deposition was excessive or unreasonable. In addition, the defendant has submitted excerpts from Dr. Ferraro's deposition, from testimony elicited by the plaintiff's attorney, in which Dr. Ferraro stated that the fee he charged for his deposition in this case was his usual fee, based on an hourly rate that he customarily charges and that no one in the past had taken issue with it. The court, therefore, finds that the fee charged by Dr. Ferraro was, in fact, reasonable.
The court will allow the deposition fee of Dr. Ferraro in the amount of $1,500.00 as a taxable cost.
PELLEGRINO, J.