11 P.3d 1229

2000-NMCA-093

**Gary and Vickie ESKEW,
Plaintiffs–Appellants,**

**v.**

**NATIONAL FARMERS UNION INSURANCE COMPANY and ENMR Telephone Cooperative, Intervenors–Appellees,**

**Michael A. Rowley, M.D. and Mario A. Gutierrez, M.D., Defendants (not parties to appeal).**

**No. 20,626.**

Court of Appeals of New Mexico.

Sept. 18, 2000.

John R. Polk and Clara Ann Bowler, Albuquerque, NM, for Appellants.

David L. Skinner, Albuquerque, NM, for Appellees.

## OPINION

WECHSLER, Judge.

{1} Plaintiffs–Appellants Gary and Vickie Eskew (collectively, Employee) and Intervenors–Appellees National Farmers Union Insurance Company and ENMR Telephone Cooperative (collectively, Insurer) dispute whether Insurer may be assessed costs when there was no net recovery for Employee in his lawsuit against alleged tortfeasors. The trial court ruled as a matter of law that Insurer could not be assessed any share of the costs. We reverse.

### Facts

{2} Employee was injured at work. Insurer paid benefits under the Workers' Compensation Act, NMSA 1978 §§ 52–1–1 to 52–10–1 (1929, as amended through 1999) (the Act). Employee brought suit against Defendants Michael A. Rowley, M.D. and Mario Gutierrez, M.D. for alleged medical malpractice for their treatment of his work-related injury. Employee settled with Rowley but went to trial with Gutierrez.

{3} Trial was scheduled for October 26, 1998. Insurer moved to intervene to protect its right to reimbursement on October 13, 1998, attaching a proposed complaint-in-intervention. The court granted the motion on October 30, 1998, after the case had gone to the jury. On the same day, the jury returned a verdict in favor of Gutierrez. Judgment was entered accordingly.

{4} The trial court awarded costs in favor of Gutierrez against Employee. It ruled that it could not assess costs against Insurer. This appeal followed.

### Standard of Review

{5} Normally we review the trial court's award or denial of costs under Rule 1–054 NMRA 2000 for abuse of discretion. *See Dunleavy v. Miller*, 116 N.M. 353, 362, 862 P.2d 1212, 1221 (1993) (stating general rule that trial court has discretion to assess costs). The issue presented to us in this case, however, is a question of law which we review de novo. *Cf. State v. Roman*, 1998–NMCA–132, ¶ 8, 125 N.M. 688, 964 P.2d 852 (stating trial court's interpretation of the

Rules of Criminal Procedure is question of law which is reviewed de novo); *Stein v. Alpine Sports, Inc.,* 1998–NMSC–040, ¶ 6, 126 N.M. 258, 968 P.2d 769 ("Our review of denial of a Rule 1–060(B) motion is generally for an abuse of discretion, unless the issue is one of law.").

*Application of Rule 1–054(D)(1)*

{6} Rule 1–054(D)(1) provides that "costs, but not attorneys' fees, shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." It is substantially similar to the federal rule. *Compare* Rule 1–054(D)(1) *with* Fed.R.Civ.P. 54(d)(1) (1993). "Cases decided under the federal rule [54(d)] are often persuasive to this Court if they are not in conflict with controlling New Mexico authority and are based on sound logic and policies consistent with the law of this state." *Gallegos v. Southwest Community Health Servs.,* 117 N.M. 481, 489, 872 P.2d 899, 907 (Ct.App. 1994).

■ {7} The general rule is that the trial court has sound discretion to award, deny, and/or apportion costs under Rule 1–054. *See id.* at 490, 872 P.2d at 908. Under federal law, this discretion includes the power to assess costs against those who intervene on the losing side. *See First Nat'l Bank v. Southern Cotton Oil Co.,* 86 F.2d 33, 35 (5th Cir.1936) ("[T]hose similarly situated with plaintiff as the losing parties, who came in and adopted plaintiff's bill and sought to participate in its benefits, should stand, in regard to such costs as may be taxed in favor of appellants, in like case with plaintiff."); *Nicolaus v. West Side Transp., Inc.,* 185 F.R.D. 608, 611 (D.Nev.1999) (" '[A]n intervenor is entitled to the same cost considerations as the original parties.' ") (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2667, at 224 (3d ed.1998)); *cf. Delta Air Lines, Inc. v. Civil Aeronautics Bd.,* 505 F.2d 386, 388 (D.C.Cir.1974) (acknowledging that intervenors could be awarded costs on appeal).

{8} Notwithstanding the general rule, the trial court ruled that, as a matter of law, Insurer could not be required to pay any costs. In its letter decision to the parties, it explained:

> The Intervenor [Insurer] will not be held liable for any portion of the costs based on the workers' compensation statutory scheme as well as the language of *Fernandez v. Ford Motor Company,* 118 N.M. 100, 879 P.2d 101 (Ct.App.1994). Although there are no New Mexico cases which directly reach this issue, the Texas Court of Appeals has held that an insurer which provided workers' compensation coverage and which intervened to enforce the statutory right of reimbursement was not liable to a defendant who prevailed at trial since the Workers' Compensation Act was silent as to costs when no recovery was paid. [*See* ] *Steenbergen v. Ford [Motor Co.],* 814 S.W.2d 755 (Tex.1991).

{9} We believe it unwise to begin crafting exceptions to the general rule. Under the general application of Rule 1–054(D)(1), the trial court has discretion to decide whether to assess costs against an insurer which provided workers' compensation insurance coverage and has intervened in the worker's suit against an alleged tortfeasor. However, we must analyze the Act to determine whether it contemplates an exception to the general rule.

*The Workers' Compensation Act*

■ {10} The trial court's ruling was based in part upon the Act. The relevant portion of the Act provides:

> [T]he receipt of compensation from the employer shall operate as an assignment to the employer or his insurer ... of any cause of action, to the extent of payment by the employer to or on behalf of the worker for compensation or any other benefits to which the worker was entitled under the Workers' Compensation Act ... that the worker or his legal representative or others may have against any other party for the injury or disablement.

Section 52–5–17(B). Notably, the Act is silent as to an intervenor's responsibility for sharing in the costs and expenses of the lawsuit. In the face of such silence, we may use fundamental fairness as a guide to deter-

mine whether the assessment of costs under the Act is appropriate. *See Transport Indem. Co. v. Garcia,* 89 N.M. 342, 345, 552 P.2d 473, 476 (Ct.App.1976) (assessing proportionate share of costs of third-party action against tortfeasor against insurer and stating that in the absence of guidance from the Act, fundamental fairness is the guideline).

{11} Although the statute speaks of an "assignment," New Mexico appellate courts have held that Section 52–5–17(B) provides an employer or his insurance company with a right of reimbursement. *See St. Joseph Healthcare Sys. v. Travelers Cos.,* 119 N.M. 603, 606, 893 P.2d 1007, 1010 (Ct.App.1995). In order to protect this right of reimbursement, employers or their insurers may intervene in a worker's suit against an alleged tortfeasor. *See id.* at 607–08, 893 P.2d at 1011–12. We have previously held that when an insurer invokes its right of reimbursement from a worker who has recovered from a tortfeasor, it must pay its proportionate share of the expenses of the lawsuit. *See Transport Indem. Co.,* 89 N.M. at 345, 552 P.2d at 476. However, as the trial court correctly observed, no New Mexico case has yet decided the scope of the intervenor's responsibility for costs when the worker loses the worker's suit against the tortfeasor.

{12} According to Insurer, a worker's failure to prevail in the tort action mandates a different result from when the worker recovers. Insurer further argues that when an insurer intervenes solely to protect its statutory right of reimbursement, the insurer does not participate in or control the tort action. Consequently, Insurer contends that an insurer exercising its right of reimbursement necessarily cannot be liable for costs when the tort action is unsuccessful.

{13} In the absence of a definitive legislative statement, the Insurer's proposed blanket rule is inappropriate if only because it would preclude consideration of the equities in specific cases. Instead, we adhere to the general rule in applying Rule 1–054 that trial courts possess the discretion to require an intervening insurance carrier to pay an equitable share of the costs awarded to the prevailing party. Indeed, the facts that Insurer argues are relevant facts for the trial

court to consider. In its informed discretion, the court may consider, among other things, whether the intervenor had the opportunity to participate in the lawsuit and if so, the extent of its participation. *See Carter v. General Motors Corp.,* 983 F.2d 40, 44 (5th Cir.1993) ("an intervenor's relative inactivity in a lawsuit may influence a court's exercise of its discretion" in awarding costs); *Kim v. Ford Motor Co.,* 170 Mich.App. 544, 429 N.W.2d 203, 205 (1988) (stating that despite intervenor's limited participation in trial and negotiation, the intervenor was "a party in interest for purposes of recovery, [and] it remain[ed] a party in interest for the purpose of taxation of costs"); *Rehn v. Bingaman,* 152 Neb. 171, 40 N.W.2d 673, 676 (1950) (holding that intervening employer who actively participated in trial was subject to share in payment of costs); *Ferguson v. Bole,* 168 Pa.Super. 305, 77 A.2d 711, 713 (1951) (affirming assessment of costs before and after intervention against intervenor who substituted in part for party of record); *cf. Schweich v. Ziegler, Inc.,* 463 N.W.2d 722, 734–35 (Minn.1990) (holding that intervenor, to protect its right of subrogation, was jointly liable with worker for costs associated with losing claims).

{14} Our holding is consistent with the policy behind Section 52–5–17. Our Supreme Court has held that the purpose of the statute is to encourage payment by those at fault, thereby easing the burden on the workers' compensation system. *See Gutierrez v. City of Albuquerque,* 1998–NMSC–027, ¶ 9, 125 N.M. 643, 964 P.2d 807. "The legislature intended Section 52–5–17 to facilitate, not chill, actions in tort against third parties." *Id.* A blanket rule that workers who lost suits against alleged tortfeasors could never look to employers or employers' insurers for help with costs might discourage such suits.

*Fernandez v. Ford Motor Co.*

{15} *Fernandez,* upon which the trial court relied, does not compel a different result. *Fernandez* held that an insurance carrier with a conflict of interest (insuring not only worker's employer but some of the defendants as well) should not be permitted to intervene "until the underlying case is ready

for judgment." *Fernandez,* 118 N.M. at 107, 879 P.2d at 108. *Fernandez* also held that delaying the insurer's intervention until the judgment was ready was appropriate to avoid prejudice to the plaintiff and because the insurer's right to reimbursement did not arise until worker recovered from the tortfeasor. *See id.*

{16} The propriety of the *Fernandez* rule, that an employer's insurer's intervention is proper only when the case is ready for judgment, is not before us. As a result, we do not decide whether *Fernandez* absolutely prohibits earlier or active intervention. *See Garcia v. General Elec.,* 1999–NMCA–139, ¶ 16, 128 N.M. 291, 992 P.2d 304 (suggesting that insurers, as parties in third-party tort actions, can litigate issues in their own interest, even if plaintiffs do not). Any conflict between the language in *Fernandez* and *Garcia* will have to be resolved in another case in which the issue is squarely presented to the trial court and litigated there before being raised on appeal. Furthermore, *Fernandez* did not consider responsibility for costs. We see no reason why a trial court cannot assess costs against an insurer joined at the last minute if the facts indicate that it is fair to do so.

*Steenbergen v. Ford*

{17} Insurer urges us to follow *Steenbergen,* upon which the trial court further relied in support of its ruling below. *Steenbergen* construed the Texas Worker's Compensation Act, which provided that the insurer should pay costs when the worker recovered but was silent as to the payment of costs when the worker did not recover. *See Steenbergen,* 814 S.W.2d at 762. The court refused to read authorization for such cost-sharing into the statute. "A court cannot judicially amend a statute, adding words not implicitly contained in the language of the statute." *Id.*

{18} Section 52–5–17 differs substantially from the Texas statute at issue in *Steenbergen* because New Mexico's statute is completely silent on the issue of assessing costs. *See Security Ins. Co. v. Chapman,* 88 N.M. 292, 298–99, 540 P.2d 222, 228–29 (1975) (stating that decisions regarding workers'

compensation from other states may be persuasive if their statutes are comparable to New Mexico's). While Section 52–5–17 gives a right of recovery, it is our case law that holds that the employer-insurer must share in fees and costs if it participates in the worker's recovery. *See Transport Indem. Co.,* 89 N.M. at 345, 552 P.2d at 476. Hence, we are not construing statutory language as was the *Steenbergen* court. We hold that the trial court has the discretion to assess an equitable share of the costs against an intervening insurance company when a worker loses in an action against the tortfeasor.

*Remaining Arguments*

{19} Insurer argues that even if it is not exempt from costs as a matter of law, it should not be assessed costs in this case because all costs were incurred before it was allowed to intervene. It relies in part on California cases which we do not find persuasive because the California statutes for awarding costs differ from Rule 1–054(d)(1). *See Garcia v. Hyster Co.,* 28 Cal.App.4th 724, 34 Cal.Rptr.2d 283, 287–88 (1994) (holding that where detailed statutes did not expressly provide "for the award of costs in favor of a prevailing defendant against a plaintiff in intervention for any period preceding the filing of the complaint in intervention," such costs would not be allowed).

{20} The trial court, holding that Insurer was exempt from costs, did not address Insurer's contention. The parties stipulated on appeal to include the record proper and transcript that pertained only to the proceedings concerning costs. We are unable to ascertain what occurred in the trial court prior to such proceedings. Therefore, because of the procedural posture of this case and because we are unwilling to pronounce on an issue not decided by the trial court, we leave it to the informed discretion of the trial court to decide whether costs accruing before intervention should be assessed against Insurer in this particular situation. *Cf. Swiftships Freeport, Inc. v. M.V. "Cayman Endeavor",* 692 F.Supp. 722, 723 (S.D.Tex.1988) (recognizing that costs accruing before intervention in admiralty action will be charged against intervenor if it is equitable to do so).

{21} Insurer also contends it never actually intervened because it did not file its complaint-in-intervention. Its failure to file its complaint is not dispositive. A copy of the complaint is in the record and the court had approved its filing shortly before the jury verdict was entered. Under these circumstances, we view filing the complaint as a ministerial act which Insurer lost all incentive to complete after entry of the verdict. Looking to substance rather than form, we believe Insurer's intervention was sufficiently complete for it to be treated as an intervenor with respect to costs.

## Conclusion

{22} We hold that it is within the informed discretion of the trial court to assess costs against an insurer who intervenes in the worker's suit against an alleged tortfeasor. We remand for the trial court to determine whether it is proper to assess costs against Insurer in this case.

{23} **IT IS SO ORDERED.**

PICKARD, C.J., and BUSTAMANTE, J., concur.