# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: January 13,2016

**NO. 33,588**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TREVOR BEGAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**_____OPINION**

**GARCIA, Judge.**

{1}     A criminal sentencing statute requires magistrate, metropolitan, and district courts to place a convicted defendant on probation whenever those courts defer or suspend that defendant's sentence of imprisonment. *See* NMSA 1978, § 31-20-5 (1985, amended 2003). Once the period of the defendant's suspended sentence expires, that defendant is generally "relieved of any obligations imposed on him . . . and has satisfied his criminal liability for the crime." NMSA 1978, § 31-20-8 (1963, amended 1977). The Probation and Parole Act contains an exception to this rule. *See* NMSA 1978, §§ 31-21-3 to -19 (1955, as amended through 2013). Section 31-21-15(C) allows a court to effectively toll the running of a defendant's suspended sentence where he has violated the terms of his probation and cannot be immediately located to answer for this violation (hereinafter, the tolling provision). However, the statutory language used by the Legislature limited the tolling provision to cases in which the defendant's underlying conviction occurred in the district court. *See* § 31-21-5 (A), (F). As a result, when a defendant is convicted of a crime in magistrate court, placed on probation in lieu of serving a prison sentence, violates the terms of his probation, and cannot be located to answer for this violation until the period of his suspended sentence has expired, tolling does not apply, and the defendant is

relieved of his obligations without any apparent consequence. The magistrate court and the district court in this case concluded that the tolling provision applied to the defendant, even though the defendant's underlying conviction was imposed by the magistrate court, and not the district court. For reasons we explain below, we conclude that the plain language of the Probation and Parole Act does not permit the tolling provision to apply to persons convicted in magistrate court and that the Legislature intended this result when it enacted the Probation and Parole Act. Accordingly, we reverse the district court's order.

**BACKGROUND**

{2}     Defendant Trevor Begay was convicted of battery in the San Juan County Magistrate Court and sentenced to 182 days of imprisonment with credit for eleven days of time served. The magistrate court suspended his sentence and ordered that Defendant serve 171 days of supervised probation. Defendant violated the terms of his probation and could not be located to answer for this violation until after the period of his suspended sentence expired. When he was finally brought back before the magistrate court, the court determined that Section 31-21-15(C) permitted it to toll the running of Defendant's sentence. As a result, the magistrate court revoked Defendant's probation and ordered him to serve the remainder of his sentence in prison. Defendant appealed to the district court, which reached the same conclusion

2

and affirmed the magistrate court. Defendant now appeals to this Court, asserting that the tolling provision cannot be applied to Defendant because his conviction was obtained in the magistrate court.

**DISCUSSION**

**Statutory Interpretation Principles**

{3}     We review statutory interpretation issues de novo. *State v. Nozie*, 2009-NMSC-018, ¶ 28, 146 N.M. 142, 207 P.3d 1119. Our "primary goal" in interpreting a statute "is to ascertain and give effect to the intent of the Legislature." *State v. Morales*, 2010-NMSC-026, ¶ 6, 148 N.M. 305, 236 P.3d 24 (internal quotation marks and citation omitted).

> In doing so, we examine the plain language of the statute as well as the context in which it was promulgated, including the history of the statute and the object and purpose the Legislature sought to accomplish. We must take care to avoid adoption of a construction that would render the statute's application absurd or unreasonable or lead to injustice or contradiction.

*Id.* (internal quotation marks and citation omitted).

**Historical Context of the Probation and Parole Act and the Magistrate Court**

{4}     Our Legislature originally enacted "The Parole Act of 1955" to provide for "the release to the community of an inmate of a [s]tate correctional institution [prior to the expiration of his term], by the decision of a parole board . . ., [and] subject to conditions imposed by the board and to its supervision." 1955 N.M. Laws, ch. 232,

§§ 1, 3. The Legislature amended this act in 1963 to include probation, changing its title to the "Probation and Parole Act." 1963 N.M. Laws, ch. 301, § 1. This amendment defined the term "probation" as "the procedure under which an *adult* defendant, found guilty of a crime upon verdict or plea, is released by the court without imprisonment under a suspended or deferred sentence and subject to conditions[.]" *Id.* § 3 (emphasis added); *see* § 31-21-5(A). The amendment defined "adult" as "any person convicted of a crime by a *district court*." 1963 N.M. Laws, ch. 301, § 3 (emphasis added); *see* § 31-21-5(F). These definitions have remained unchanged since the 1963 amendment was enacted. *See* § 31-21-5(A), (F). Furthermore, the 1963 amendment created the tolling provision at issue in this case, which has also remained unchanged.

> At any time during *probation*[,] . . . the court may issue a warrant for the arrest of a probationer for violation of any of the conditions of release. . . .
>
> . . .
>
> If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that he has violated the provisions of his release, the court shall determine whether the time from the date of violation to the date of his arrest, or any part of it, shall be counted as time served on probation.

1963 N.M. Laws, ch. 301, § 13 (emphasis added); *see* § 31-21-15(A), (C). Thus, when the Legislature enacted these 1963 provisions, it expressly limited the

4

application of the tolling provision to "adult" persons convicted of crimes in the district court.

{5}      In 1963, like today, the district court also had original jurisdiction over all misdemeanors. *See* N.M. Const. art. VI, § 13. But some misdemeanors could instead be tried by "magistrates[,]" also known as "justices of the peace[,]" NMSA 1953, §§ 36-2-1, -5 (1961) (providing magistrates/justices of the peace jurisdiction over misdemeanors punishable by a maximum fine of $100 or six months imprisonment), or by a "municipal magistrate court[,]" NMSA 1953, §§ 37-1-1 to -2 (1961) (providing a municipal magistrate court jurisdiction over offenses under municipal ordinances). The Legislature did not create the present day "magistrate court" system until 1968, five years after it created the tolling provision. *See* 1968 N.M. Laws, ch. 62, §§ 3, 49 (establishing the " 'magistrate court' as a court of limited original jurisdiction within the judicial department of the state government" and limiting its criminal jurisdiction to misdemeanors punishable by a maximum fine of $100 or up to six months imprisonment); *see also* N.M. Const. art. VI, § 26 (authorizing and directing the Legislature in 1966 to "establish a magistrate court to exercise limited original jurisdiction as may be provided by law"). In creating the current magistrate court system in 1968, the Legislature "abolished" the office of justice of the peace and transferred its jurisdiction, powers, and duties to the magistrate court. 1968 N.M.

Laws, ch. 62, § 40. Finally, although the Legislature later amended Section 31-20-5 in 1984 to require the magistrate court to order probation when it defers or suspends a sentence, 1984 N.M. Laws, ch. 106, § 2, it did not amend the Probation and Parole Act to extend the tolling provision to magistrate court convictions.

{6} Viewing the plain language of the Probation and Parole Act and considering the totality of the historical considerations, we conclude that the Legislature intended to limit the tolling provision to "adult" persons who were convicted in the district court, as opposed to persons convicted by magistrates, even though the magistrate court had concurrent jurisdiction over crimes punishable by a maximum fine of $100 and six months imprisonment. *Compare* NMSA 1953, §§ 36-2-1, -5, *with* 1968 N.M. Laws, ch. 62, §§ 3, 49. The Legislature's decision in this regard does not appear unreasonable or to have created an absurd or unjust result, at least at the time the tolling provision was created. As Defendant suggests, the Legislature may have chosen to limit the tolling provision in this manner because (1) convictions obtained by magistrates (and, later, the magistrate court) only involved minor crimes with less severe punishment implications than the more serious convictions addressed by the district court; and (2) the burden of injecting an additional administrative process and additional inmates into our magistrate court system arising from probation violations involving only minor offenses may well outweigh the public benefits achieved

through these courts of limited criminal jurisdiction. Whatever the reasons, such policy decisions are primarily within the domain of the Legislature. *See Hartford Ins. Co. v. Cline*, 2006-NMSC-033, ¶ 8, 140 N.M. 16, 139 P.3d 176 ("It is the particular domain of the [L]egislature, as the voice of the people, to make public policy. Elected executive officials and executive agencies also make policy, to a lesser extent, as authorized by the [C]onstitution or the [L]egislature. The judiciary, however, is not as directly and politically responsible to the people as are the legislative and executive branches of government." (alteration, internal quotation marks, and citation omitted)). Although it seems that the Legislature's decision in 1984 to require the magistrate court to order probation when deferring or suspending a sentence would have been logically followed by an amendment to the Probation and Parole Act to provide that the term "probation" under the Act also applies to persons convicted in magistrate court, we cannot judicially amend the Probation and Parole Act to reach this result. *See id.*; *see also Eskew v. Nat'l Farmers Union Ins. Co.*, 2000-NMCA-093, ¶ 17, 129 N.M. 667, 11 P.3d 1229 ("A court cannot judicially amend a statute[.]" (internal quotation marks and citation omitted)).

{7}     In support of the State's position that the Probation and Parole Act's tolling provision applies to persons convicted in magistrate court, it notes that Section 31-21-9(A) of the Probation and Parole Act recognizes that the magistrate court, as well as

the district court, may order a presentence report from the director of the field services division of the corrections department. We are not convinced that this 1972 amendment shows that the Legislature also meant to allow the tolling provision to apply to magistrate court convictions, because the Legislature did not require the magistrate court to order probation until 1984. *See* 1984 N.M. Laws, ch. 106, § 2. Also, the State's argument concerning the statement contained in Section 31-21-18 that the provisions of the Probation and Parole Act "apply to all persons who, at the effective date, are on probation" ignores the Act's definitions of "probation" and "adult" as limited to persons convicted in the district court. Section 31-21-5(A), (F). Finally, we are not persuaded by the State's reliance on this Court's statement in *State v. Candelaria* that "allowance of . . . a variation in penalty based on the pure happenstance of where a case is tried would be an unreasonable result, which we must avoid in interpreting our statutes." 1991-NMCA-107, ¶ 8, 113 N.M. 288, 825 P.2d 221. In *Candelaria*, this Court determined that the statute at issue had two potential interpretations and declined to adopt the interpretation that would create such a variation in penalty. *Id.* ¶¶ 6, 8. Here, the Probation and Parole Act's language is not open to varying interpretations; the tolling provision plainly applies only to "adult" persons convicted in the district court.

**CONCLUSION**

{8}     We reverse the district court's order and remand the case to the district court for an order requiring the magistrate court to withdraw its amended judgment and sentence and for the further entry of an order certifying that Defendant is relieved of "any obligations imposed on him . . . and has satisfied his criminal liability for the crime" as required under Section 31-20-8.

{9}     **IT IS SO ORDERED.**

_____
                                        **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JONATHAN B. SUTIN, Judge**