IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2017-NMSC-009

Filing Date: January 23, 2017

Docket No. S-1-SC-35751

STATE OF NEW MEXICO,

    Plaintiff-Petitioner,

v.

TREVOR BEGAY,

    Defendant-Respondent.

ORIGINAL PROCEEDING ON CERTIORARI
John A. Dean, Jr., District Judge

Hector H. Balderas, Attorney General
Jacqueline Rose Medina, Assistant Attorney General
Albuquerque, NM

for Petitioner

Bennett J. Baur, Chief Public Defender
C. David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Respondent

OPINION

NAKAMURA, Justice.

{1}     The question before this Court is whether a magistrate court had jurisdiction to revoke probation when a defendant violated the terms of probation and was in bench-warrant status when the defendant's original probationary period expired. We hold that NMSA 1978, Section 31-20-8 (1977), does not deprive a magistrate court of jurisdiction to revoke a defendant's probation under these circumstances. Accordingly, we reverse the judgment of the Court of Appeals and remand for the execution of the sentence imposed by the magistrate court.

1

## I.    BACKGROUND

**{2}**    Trevor Begay pleaded no contest to a petty misdemeanor count of battery.  The San Juan County Magistrate Court in Farmington imposed a 182-day sentence, suspended 171 days, credited Begay with 11 days of pre-sentence confinement, and imposed supervised probation.  Begay failed to comply with the terms of his probation; he neither completed a life skills class nor performed community service.  The magistrate court consequently ordered Begay to appear for a hearing.  When Begay failed to appear at the September 25, 2012, hearing, the magistrate judge issued a bench warrant for his arrest.  Had Begay complied with the terms of his probation, his original probationary sentence would have concluded on December 27, 2012.  Instead, on that day, Begay was subject to an outstanding warrant.

**{3}**    Begay was arrested on February 11, 2013.  He subsequently admitted to violating the terms of his probation.  On March 14, 2013, the magistrate court revoked his probation and imposed a jail sentence of 171 days.  The court suspended 96 days of the sentence and awarded 31 days of pre-sentence confinement credit, which left 44 days to be served in jail.  Begay appealed the judgment and sentence to the Eleventh Judicial District Court.

**{4}**    Once in district court, Begay moved to dismiss the probation-violation proceedings.  Begay asserted that the magistrate court had lacked jurisdiction to revoke his probation and to impose penalties after the original probationary term had concluded.  Begay argued that the magistrate court's bench warrant did not toll the running of his probationary term because NMSA 1978, Section 31-21-15(C) (1989), which authorized such tolling, applied only to the district courts.  According to Begay, when his original probationary term expired on December 27, 2012, he was relieved of all obligations imposed by the magistrate court, satisfied all criminal liability for violation of NMSA 1978, Section 30-3-4 (1963), and was entitled to a certificate of satisfactory completion.  The district court denied the motion.

**{5}**    The district court then conducted a de novo probation-revocation hearing and issued a final order.  The district court concluded that for the 137 days from the date of the bench warrant to the date of Begay's arrest, Begay was a fugitive and, hence, his probationary term did not expire on December 27, 2012, but rather on May 13, 2013.  Thus, on March 14, 2013, the magistrate court had jurisdiction to revoke Begay's probation.  Because the district court concluded that Begay had violated the conditions of probation, the court remanded to the magistrate court for execution of the magistrate court's March 14, 2013, amended judgment and sentence.  Begay again appealed.

**{6}**    The Court of Appeals reversed the district court's order.  *State v. Begay*, 2016-NMCA-039, ¶ 1, 368 P.3d 1246.  The Court acknowledged that Section 31-21-15(C) (1989) authorized tolling a probationer's suspended sentence where the probationer had violated the terms of his or her probation and could not be found to answer for the violation.  *See Begay*, 2016-NMCA-039, ¶ 4.  The Court held, however, that Section 31-21-15(C) (1989) was limited to cases where the defendant's underlying conviction occurred in the district court.

2

*Begay*, 2016-NMCA-039, ¶ 6. Therefore, the Court held that the statute did not authorize the magistrate court to toll Begay's suspended sentence from the date the magistrate court had issued the bench warrant until the date of Begay's arrest. *See id.* ¶¶ 1, 6. As a result, the Court of Appeals determined that Begay's probationary sentence expired on December 27, 2012, even though as of that date Begay had absconded and was in bench-warrant status. *See id.* ¶¶ 2, 8. The Court of Appeals accordingly required the entry of an order certifying that Begay was relieved of any obligations imposed by the magistrate court and had satisfied his criminal liability. *Id.* ¶ 8. This Court granted the State's petition for certiorari review, exercising our jurisdiction under Article VI, Section 3 of the New Mexico Constitution and NMSA 1978, Section 34-5-14(B)(4) (1972).

## II.    DISCUSSION

### A.    This case presents an issue of substantial public interest

{7}    The Court of Appeals issued its *Begay* opinion on January 13, 2016. On March 2, 2016, the Legislature amended Section 31-21-15(C) to provide:

> If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that the probationer has violated the provisions of the probationer's release, the court shall determine whether the time from the date of violation to the date of the probationer's arrest, or any part of it, shall be counted as time served on probation. *For the purposes of this subsection, "probationer" means a person convicted of a crime by a district, metropolitan, magistrate or municipal court.*

2016 N.M. Laws, ch. 27, § 1; NMSA 1978, § 31-21-15(C) (2016) (emphasis added). In light of this amendment, Begay requests this Court to quash our grant of certiorari review. Begay argues that after the 2016 statutory amendment, this matter does not present an issue of public importance but rather of simple error correction.

{8}    We disagree. Notwithstanding the Legislature's recent amendment, there remains an issue of "substantial public interest." Section 34-5-14(B)(4). The Court of Appeals's opinion calls into question the validity of a significant number of orders issued by magistrate courts across New Mexico (as well as the metropolitan and municipal courts), including orders that imposed or reinstated probationary conditions such as restitution payments, warrant fees, and probation fees. The question of the validity of those orders arises because New Mexico case law has interpreted Section 31-20-8 and NMSA 1978, Section 31-20-9 (1977), "as depriving courts of jurisdiction to revoke probation or to impose any sanctions for violation of probation conditions once the probationary period has expired . . . ." *State v. Ordunez*, 2012-NMSC-024, ¶¶ 8- 9, 283 P.3d 282 (citing *State v. Lara*, 2000-NMCA-073, ¶ 11, 129 N.M. 391, 9 P.3d 74; *State v. Travarez*, 1983-NMCA-003, ¶ 6, 99 N.M. 309, 657 P.2d 636). If, as the Court of Appeals concluded, a magistrate court lacked the power to toll

3

a probationary sentence where a defendant had violated the terms of probation, failed to appear, and could not be located, then it might appear that the magistrate court lost jurisdiction when the original probationary period expired. Absent jurisdiction, any orders imposed by the magistrate courts in probation-revocation proceedings after absconded probationers were arrested and compelled to appear would be invalid. The validity of these orders clearly constitutes a question of substantial and statewide public interest. Accordingly, our grant of certiorari review was proper, and we will not quash it as improvidently granted.

## B. Standard of review

**{9}** This Court reviews issues of statutory interpretation de novo. *State v. Tufts*, 2016-NMSC-020, ¶ 3, __P.3d__. Rules of statutory construction are provided by the Uniform Statute and Rule Construction Act, NMSA 1978, §§ 12-2A-1 to -20 (1997), and by New Mexico case law, *Tufts*, 2016-NMSC-020, ¶ 3. This Court must construe statutes, if possible, to give effect to their objective and purpose and to avoid absurd results. Section 12-2A-18(A)(3); *see also State v. Maestas*, 2007-NMSC-001, ¶ 16, 140 N.M. 836, 149 P.3d 933 ("If adherence to the plain meaning of a statute would lead to absurdity, we must reject that meaning and construe the statute according to the obvious intent of the legislature.").

## C. The magistrate court had jurisdiction to enter its March 14, 2013, order revoking Begay's probationary sentence and imposing a jail sentence

**{10}** This case implicates the interpretation of two statutes. First, Section 31-20-8 addresses the "[e]ffect of termination of [a] period of suspension without revocation of order." The statute provides:

> Whenever the period of suspension expires without revocation of the order, the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime. He shall thereupon be entitled to a certificate from the court so reciting such facts . . . .

*Id.* Second, Section 31-21-15(C) (1989) concerned the power to toll a probationary sentence. It provided:

> If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that [he] has violated the provisions of [his] release, the court shall determine whether the time from the date of violation to the date of [his] arrest, or any part of it, shall be counted as time served on probation.

*Id.*

**{11}** Begay relies on both statutes to argue that the magistrate court lacked the power to

4

enter an order revoking his probationary sentence and imposing a new sentence. Begay points out that, under Section 31-20-8, when a probationary period expires without an order revoking probation, the expiration of the probationary period relieves the defendant of any obligations imposed by the court. Begay maintains that Section 31-20-8 requires this result *even if* the probationary period expires when the defendant has failed to comply with his or her terms of probation and a bench warrant has been issued. Next, Begay argues that Section 31-21-15(C) (1989) did not empower the magistrate courts to toll the running of a probationary period where the defendant allegedly had violated probation and absconded. Begay therefore asserts that once his original probationary period expired, the magistrate court was without jurisdiction to enter a probation-revocation order.

**{12}** In its analysis, the Court of Appeals focused on the interpretation of Section 31-21-15(C) (1989). *See Begay*, 2016-NMCA-039, ¶¶ 4-7. In light of NMSA 1978, Section 31-21-5 (1991), which defines the terms as used in the Probation and Parole Act, NMSA 1978, §§ 31-21-3 to -19 (1955, as amended through 2016), we agree that Section 31-21-15(C) (1989) did not empower courts of limited jurisdiction to toll the running of a probationary period. *See Begay*, 2016-NMCA-039, ¶¶ 4-7. Unlike the Court of Appeals, however, we do not believe that this interpretation disposes of this case. Even though Section 31-21-15(C) (1989) did not authorize the magistrate court to toll the running of Begay's probationary period, the magistrate court nevertheless had jurisdiction as of March 14, 2013, to revoke Begay's probation.

**{13}** Section 31-20-8 does not deprive a trial court of the power to revoke probation when, at the time the defendant's probationary term expired, the defendant had allegedly violated the terms of probation and the court subsequently issued a bench warrant. Otherwise, the application of Section 31-20-8 would entail absurd results. To be sure, the plain language of Section 31-20-8 entitles a defendant to a certificate that he or she is relieved of any obligations imposed on him or her by the court and has satisfied all criminal liability "[w]henever the period of suspension expires without revocation of the order . . . ." But, if "[w]henever the period of suspension expires" encompasses those instances when a probationer fails to comply with the terms of probation and successfully evades the service of a bench warrant, then a defendant may be relieved of all obligations imposed by the court by violating probationary terms and successfully evading the reach of the court until the probationary term ends. This is an absurdity, and the Legislature plainly did not intend it.

**{14}** The Legislature intended to vest the power to impose probationary sentences in the magistrate courts. *See* NMSA 1978, §§ 31-19-1(C) (1984), 31-20-5(A) (2003). Begay's interpretation of Section 31-20-8 would frustrate the Legislature's purposes when empowering the magistrate courts to impose probationary sentences. A reading of Section 31-20-8 that permits a defendant to be relieved of all obligations imposed by a court by violating probation and evading the execution of a warrant until an original probationary term expires would encourage defendants to do so. The Legislature, however, indubitably did not intend to enact a statute that incentivizes probationers to ignore the orders that the Legislature authorized New Mexico courts to impose.

5

**{15}** Because the Legislature did not intend this absurd result, we depart from the plain meaning of "whenever the period of suspension expires" when applying Section 31-20-8 to this case. "[O]ur case law demonstrates that we diverge from the plain meaning of a statute to avoid an absurd result only when it is clear that the legislature did not intend such a result." *Maestas*, 2007-NMSC-001, ¶ 22. To avoid an absurdity, the phrase "whenever the period of suspension expires" cannot be read to include those instances when a probationary period expires while a defendant has absconded after allegedly violating probation. Nor does this departure from plain meaning constitute any "great leap." *Cf. id.* ¶ 24 (refusing to read NMSA 1978, Section 10-16-3(D) (1993) to apply to judges as a class of defendants where the plain language of a statute did not include them). Accordingly, we hold that Begay's probationary period did not run from the date the magistrate court issued the bench warrant to the date of Begay's arrest.

**{16}** Further, New Mexico appellate case law does not support Begay's interpretation that Section 31-20-8 deprived the magistrate court of jurisdiction at the expiration of Begay's original probationary period. This Court has interpreted Section 31-20-8 "as depriving courts of jurisdiction to revoke probation or to impose any sanctions for violation of probation conditions once the probationary period has expired, even for violations occurring and revocation motions filed before expiration of probation." *Ordunez*, 2012-NMSC-024, ¶¶ 8-9 (citing *Lara*, 2000-NMCA-073, ¶ 11; *Travarez*, 1983-NMCA-003, ¶ 6). No New Mexico appellate opinion, however, suggests that Section 31-20-8 strips a trial court of jurisdiction when, at the time a defendant's probationary period expires, the defendant has allegedly violated probation and failed to appear to respond to such a charge, causing a bench warrant to issue. Our opinion in *Ordunez*, as well as the *Lara* opinion on which the *Ordunez* Court relied, concerned the meaning of Section 31-20-8 as it applied to the *timing* of probation-revocation motions, hearings, and orders. In *Ordunez*, this Court affirmed a dismissal of probation-revocation proceedings because the probation-revocation hearing was conducted after the defendant's original probationary term had expired. *See* 2012-NMSC-024, ¶¶ 5, 9, 23. In *Lara*, the Court of Appeals held that the trial court lacked jurisdiction to enter an order that the defendant unsatisfactorily completed probation because, even though the state had moved for unsatisfactory discharge and the trial court had set a hearing before the original probationary term had expired, the trial court did not enter its order until after the original probationary term expired. 2000-NMCA-073, ¶¶ 3, 12. *Ordunez* and *Lara* adjudicated fact patterns where the defendant was not responsible for the trial courts' entries of probation-revocation orders after the respective defendants' probationary terms had expired. Those cases did not present the circumstance in which a probation period expired while a noncompliant defendant failed to appear to respond to a charge of probation violation and a bench warrant issued. Hence, *Ordunez* and the opinions upon which it relied simply do not entail that Section 31-20-8 deprives a trial court of jurisdiction if a defendant's original probationary period expires while the defendant is on the run.

**{17}** Our interpretations of Section 31-20-8 reached in *Ordunez* and in this case strike the balance that the Legislature intended. Section 31-20-8 deprives a trial court of jurisdiction to enter a probation-revocation order when the probationary period expires and the defendant

6

did not cause the revocation order to be entered after the defendant's probationary period expired. *See Ordunez*, 2012-NMSC-024, ¶¶ 5, 9, 23; *Lara*, 2000-NMCA-073, ¶¶ 3, 12. But where, owing to a defendant's furtive or fugitive actions, a trial court does not enter a probation-revocation order until after the defendant's probationary term has expired, Section 31-20-8 does not deprive the court of jurisdiction upon the expiration of the defendant's original probationary period. *See, e.g.*, *State v. Cannon*, 457 So.2d 1177, 1178 (La. 1984) (interpreting a state statute to hold that "the running of the probationary period shall cease when the defendant is deemed a fugitive and a warrant cannot be executed. . . . [I]n order to trigger suspension, the impediment to the execution of the warrant must derive from the *defendant's action* in concealing himself or fleeing from the jurisdiction and not from inactions by the State in its efforts to locate him." (emphasis added)).

**{18}** Lastly, we observe that our interpretation of Section 31-20-8 is consistent with the rules governing the probationary sentencing power of courts of limited jurisdiction. Rule 6-802(C) NMRA, for example, sets forth the procedure in the return of a probation violator. It provides that once a hearing is held and a probation violation is established, a magistrate court has the power to "require the probationer to serve the *balance* of the sentence imposed . . . ." Rule 6-802(C) (emphasis added). "Balance" in this context means only that time for which a defendant has successfully completed probation and, therefore, excludes the period from issuance of a warrant to arrest of the defendant pursuant to the warrant.

## III.    CONCLUSION

**{19}** For the foregoing reasons, the magistrate court had the authority to issue its March 14, 2013, order revoking Begay's original probationary sentence and imposing a new sentence. Accordingly, we reverse the decision of the Court of Appeals and remand for execution of the magistrate court's March 14, 2013, judgment and sentence.

**{20}    IT IS SO ORDERED.**

_____
**JUDITH K. NAKAMURA, Justice**

**WE CONCUR:**

_____
**CHARLES W. DANIELS, Chief Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

7

_____
**BARBARA J. VIGIL, Justice**