552 P.2d 473

**TRANSPORT INDEMNITY COMPANY, Plaintiff-Appellant,**

v.

**Pedro GARCIA, Kirk Tatom and Jerry Tatom, Defendants-Appellees.**

No. 2454.

Court of Appeals of New Mexico.

June 22, 1976.

Certiorari Denied July 27, 1976.

---

David W. Yount, Civerolo, Hansen & Wolf, Albuquerque, for plaintiff-appellant.

Steven L. Tucker, Jones, Gallegos, Snead & Wertheim, P.A., Santa Fe, for defendant-appellee Garcia.

## OPINION

HENDLEY, Judge.

Garcia, an employee of I.C.X. was injured, while in the course of his employment, by the Tatoms. Transport Indemnity Company, I.C.X.'s compensation carrier, paid compensation to Garcia because of the injury in the amount of $2,042.23. Subsequently, Garcia filed suit against the Tatoms and recovered $15,000.00. The total cost to Garcia to make the recovery was $5,000.00 for the attorney's fee and $1,284.87 in other costs. The net recovery was $8,715.13 or 58.1 per cent of the total judgment.

Transport then instituted the present action to recover the amount it had paid. Garcia counterclaimed asking that Transport be assessed a proportionate share of the expense. The trial court agreed with Garcia and assessed Transport with a proportionate share of the costs (41.9 per cent) and entered judgment in its favor for $1,186.55 against Garcia and the Tatoms. The Tatoms were given the right of idemnity against Garcia should they have to pay.

Transport appeals contending it was entitled to total reimbursement because: (1) § 59–10–25(C), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1974) does not provide for the prorating of the expenses; (2) Garcia has unclean hands and cannot invoke the court equitable power; and, (3) in the

event proportioning of the expenses is allowed the Tatoms should have to pay. We affirm on points 1 and 2 and reverse and remand as to point 3.

Section 59–10–25(C), supra, states:

"C. The right of any workman, or, in case of his death, of those entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer or any other employee of the employer, including a management or supervisory employee, shall not be affected by the Workmen's Compensation Act, but he or they, as the case may be, shall not be allowed to receive payment or to recover damages therefor and also claim compensation from the employer, and in such case the receipt of compensation from the employer *shall operate as an assignment to the employer,* his or its insurer, guarantor or surety, as the case may be *of any cause of action, to the extent of payment by the employer* to the workman for compensation, surgical, medical, osteopathic, chiropractic, and hospital services and medicine occasioned by the injury *which the workman or his legal representative or others may have against any other party for the injuries or death."* (Emphasis added).

As this court stated in *Herrera v. Springer Corporation,* 85 N.M. 6, 508 P.2d 1303 (Ct.App.1973) rev'd on other grounds, 85 N.M. 201, 510 P.2d 1072 (1973):

"Our Supreme Court has consistently held that § 59–10–25, supra is a reimbursement statute; it has also consistently held that there is but one cause of action. *Varney v. Taylor,* 71 N.M. 444, 379 P.2d 84 (1963); *Royal Indem. Co. v. Southern Cal. Petroleum Corp.,* 67 N.M. 137, 353 P.2d 358 (1960); *Kandelin v. Lee Moor Contracting Co.,* 37 N.M. 479, 24 P.2d 731 (1933). As to the workman's position under § 59–10–25, supra, *Castro v. Bass,* 74 N.M. 254, 392 P.2d 668 (1964) states: '. . . our statute contemplated that an employee receiving compensation had a right to sue a third

party tortfeasor responsible for his injury; that this right was for the entire amount of damages suffered by the workman with the employer or his insurer to be reimbursed out of any amounts received.' We emphasize two points: the workman sues the third party for the entire amount of damages; the employer or insurer is reimbursed out of amounts received by the workman."

No claim is made that the costs of collection were excessive. The issue is whether the expenses of the third party action, are to be prorated between the carrier and the employee. This is a question of first impression in New Mexico.

Distribution of the proceeds from a third party action, when the recovery is in excess of the compensation paid, has been a fruitful arena for legislative action and judicial opinions. It has run the course of the carrier getting the total amount of the third party recovery regardless of the amount it was obligated to pay the workman (see Meehan's Case, 316 Mass. 522, 56 N.E.2d 23 (1944) for pre 1913 statute) to the employee keeping both the compensation and the third party award (2A Larson, Workmen's Compensation Law § 71. 30) through the federal rule, except for the 5th Circuit, of total reimbursement without apportioning the costs of recovery (see *Ashcraft and Gerel v. Liberty Mutual Insurance Company,* 120 U.S.App.D.C. 51, 343 F.2d 333 (1965) to a complete apportioning of all costs. See *Carter v. Wooley,* 521 P.2d 793 (Okl.1974); *Zuchowski v. John S. Marvin Building Co.,* 197 Pa.Super. 520, 179 A.2d 239 (1962); *Security Insurance Company of Hartford v. Norris,* 439 S.W.2d 68 (Ky.Ct.App.1969). Some results have been dictated by statute and some have been reached in the absence of statutes. Needless to say, the statutory provisions are without a great deal of uniformity. They range from being totally void of direction to others which are intricately detailed on apportioning costs of recovery. See 2A Larson, Workmen's Compensation Law § 74.31. Generally, the courts have

been left the task of determining where the equities lie when the statutory provision fails to provide guidelines.

The underlying concern with third party actions is that the claimant will receive a "double recovery." That is, double compensation for the same injury. 2A Larson, Workmen's Compensation Law § 71.23. It is recognized that a workman's compensation award is not comparable to the normal tort recovery. *Codling v. Aztec Well Servicing Co.* (Ct.App.), 89 N.M. 213, 549 P. 2d 628, decided April 27, 1976. Workmen's compensation benefits are medical expenses and periodic subsistence payments for a prescribed amount and time. Claimants are given preferred treatment in filing a claim. No filing fees are charged. Attorney fees and costs are assessed against an unsuccessful carrier. Defenses to a claim for benefits are minimal. Sections 59–10–1 through 59–10–37, N.M.S.A.1953 (2d Repl. Vol, pt. 1, 1974).

 Workmen's Compensation Acts are to be liberally interpreted in favor of the workman. *Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975). Provisions of the Act may not be disregarded in the name of a liberal construction. *Graham v. Wheeler,* 77 N.M. 455, 423 P.2d 980 (1967). Where no guidance is given, as under § 59–10–25(C), supra, fundamental fairness must be the guidelines. In the instant case it was the claimant who bore the burden of the expense and risk of litigation of the third party action. It would be unduly burdensome on the claimant to pay all of the expenses and by the same token it would unjustly enhance the economic position of the carrier not to assess a portion of the costs against it. Accordingly, we agree with the trial court that, under the facts of this case, the carrier should be charged with his proportionate share of the costs.

The unclean hands contention of the carrier is without merit. It was not raised in the trial court.

 The carrier's last contention is predicated on the assumption that the stat-

ute created an assignment of the cause of action. That is not the law. It creates a right of reimbursement. *Herrera v. Springer Corporation,* supra. Reimbursement is defined as "to make repayment to for expense or loss incurred." Random House Dictionary of the English Language, Unabridged Ed. 1969. The right of reimbursement is the right to receive back that which has been paid to another. Section 59–10–25(C), supra, creates a conditional debtor-creditor relationship. That condition is operative only if a third party recovery is made by the claimant. Accordingly, the carrier cause of action, upon the happening of the condition, is against the claimant and not the third party. The Tatoms were not a proper party to the action.

Oral argument is unnecessary. The judgment of the trial court is affirmed except for the part as relates to the Tatoms. The trial court is instructed to amend the judgment accordingly.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.