893 P.2d 1007

**ST. JOSEPH HEALTHCARE SYSTEM, Appellant (Plaintiff and Counter–Defendant below),**

v.

**The TRAVELERS COMPANIES, Appellee (Defendant below),**

and

**The Ohio Casualty Group of Insurance Companies, Appellee (Defendant and Cross–Plaintiff below),**

and

**Gordon Hoover, David Pearlman, and Bob Hilton, (Defendants, Counter–Plaintiffs, and Cross–Defendants below).**

**David PEARLMAN, (Third–Party Plaintiff below),**

v.

**D. James SORENSON, (Third–Party Defendant below).**

and

**ST. JOSEPH HEALTHCARE SYSTEM, Petitioner–Appellant,**

v.

**OHIO CASUALTY GROUP OF INSURANCE COMPANIES, Respondent–Appellee,**

and

**The Travelers Companies, Gordon Hoover, David Pearlman, and Bob Hilton, Defendants–Appellees.**

**David PEARLMAN, Third–Party Plaintiff–Appellee,**

v.

**D. James SORENSON, Third–Party Defendant–Appellee.**

Nos. 15544, 15491.

Court of Appeals of New Mexico.

Feb. 24, 1995.

Richard D. Barish, Albuquerque, for St. Joseph Healthcare System.

C. Kristine Osnes, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for The Travelers Companies.

William C. Madison, Richard C. Mertz, Madison, Harbour, Mroz & Puglisi, P.A., Albuquerque, for Ohio Cas. Group of Ins. Companies.

LeRoi Farlow, Suzanne Guest, The Farlow Law Firm, P.A., Albuquerque, for David Pearlman.

Bob Hilton, Law Offices of Bob Hilton, P.C., Albuquerque, for Bob Hilton.

John A. Bannerman, Beall, Biehler & Bannerman, P.A., Albuquerque, for D. James Sorenson.

## OPINION

ALARID, Judge.

St. Joseph Healthcare System ("St. Joseph") appeals from an order dismissing

claims against The Travelers Companies ("Travelers") and the Ohio Casualty Group of Insurance Companies ("Ohio Casualty"). The issue presented is whether the insurers of third-party tortfeasors are obligated to protect a self-insured employer's right to reimbursement of workers' compensation benefits paid. We do not find that such a legal duty exists, and therefore affirm the trial court's order of dismissal.

## FACTS

Gordon Hoover ("Worker") was injured in the course and scope of his employment with St. Joseph in 1990. As a result of Worker's claim, St. Joseph paid $23,485.77 in workers' compensation benefits. Worker filed third-party claims against the Old Hospital Group, Ltd., insured by Travelers, and Sunrise Landscape Maintenance, insured by Ohio Casualty. When settling those third-party claims in 1992, Worker and his attorneys allegedly misrepresented to Travelers and Ohio Casualty that St. Joseph's right to reimbursement (for its workers' compensation payments) had been satisfied. As a result, Travelers and Ohio Casualty paid Worker directly without obtaining a separate release from St. Joseph. Thereafter, St. Joseph sued Travelers, Ohio Casualty, Worker and his attorneys. Ohio Casualty cross-claimed against Worker and his attorneys. The claims involving Worker and his attorneys, however, are not material to this appeal. On this Court's own motion, we have consolidated St. Joseph's appeal from the lower court's dismissal of claims against Travelers and the interlocutory appeal from dismissal of Ohio Casualty.

St. Joseph claims that Travelers and Ohio Casualty knew of St. Joseph's right of reimbursement, yet made payment to Worker in derogation of St. Joseph's legal and equitable rights of subrogation. The right of subrogation is claimed under NMSA 1978, Section 52–5–17 (Repl.Pamp.1991) (effective January 1, 1991), in the Workers' Compensation Act.

■ We initially note that St. Joseph's claim is governed by the statute in effect at the time its claims accrued, rather than the statute in effect at the time of Worker's injuries. *See Herman v. Miners' Hosp.*, 111 N.M. 550, 552 n. 1, 807 P.2d 734, 736 n. 1

(1991). Therefore, the relevant statute is Section 52–5–17 as amended and effective January 1, 1991. However, both versions of the statute are substantially identical. Indeed, all parties agree that the earlier versions relied upon in the case law discussed below are materially similar to the section we consider in this case.

## DISCUSSION

Although the motions of Travelers and Ohio Casualty granted by the trial court were styled, in part, as "Motion[s] for Summary Judgment on the Complaint and/or, in the Alternative, Motion[s] to Dismiss," the parties agree that the amended complaint as to both Travelers and Ohio Casualty were dismissed pursuant to SCRA 1986, 1–012(B)(6) (Repl.1992).

■ In reviewing an order for dismissal, this Court must accept as true all facts well pled and question only whether the plaintiff may prevail under any set of facts provable under the claim. *Garcia v. Rodey, Dickason, Sloan, Akin & Robb*, 106 N.M. 757, 760, 750 P.2d 118, 121 (1988). The plaintiff must affirmatively show it has a legal basis for recovery. *Kisella v. Dunn*, 58 N.M. 695, 700, 275 P.2d 181, 184 (1954). The trial judge ruled that this Court's opinion in *Transport Indemnity Co. v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App.), *cert. denied*, 90 N.M. 9, 558 P.2d 621 (1976), precluded St. Joseph from maintaining any cause of action against Travelers and Ohio Casualty. We agree.

### A. RIGHT OF REIMBURSEMENT DOES NOT CONSTITUTE SUBROGATION

St. Joseph concedes that Section 52–5–17 "has not been interpreted in accordance with its apparent plain meaning as effecting a partial assignment of the worker's cause of action against the third party tortfeasor. Instead, the statute has been interpreted by the Supreme Court as a 'reimbursement statute.'" The pertinent portion of Section 52–5–17(B) reads:

[T]he receipt of compensation from the employer shall operate as an assignment to the employer or his insurer ... of any

cause of action, to the extent of payment by the employer to or on behalf of the worker for compensation or any other benefits to which the worker was entitled under the Workers' Compensation Act ... that the worker or his legal representative or others may have against any other party for the injury or disablement.

Though the language of the statute seems to allow an assignment or subrogation (in fact the title of the section is "Subrogation"), case law is clear in stating that the section "does not deal with the right of subrogation, but with the right of reimbursement." *Herrera v. Springer Corp.*, 85 N.M. 6, 8, 508 P.2d 1303, 1305 (Ct.App.), *rev'd on other grounds*, 85 N.M. 201, 510 P.2d 1072 (1973), *and overruled on other grounds by Sunwest Bank of Albuquerque v. Roderiguez*, 108 N.M. 211, 214, 770 P.2d 533, 536 (1989). This proposition continues to be reaffirmed. *See Fernandez v. Ford Motor Co.*, 118 N.M. 100, 106, 879 P.2d 101, 107 (Ct.App.), *certs. denied*, 118 N.M. 90, 879 P.2d 91 (1994) ("Although designated as a subrogation measure, in fact, the statute operates as a *'reimbursement'* provision for the employer or the employer's workers' compensation provider for compensation properly paid an employee."); *Seaboard Fire & Marine Ins. Co. v. Kurth*, 96 N.M. 631, 633, 633 P.2d 1229, 1231 (Ct.App.1980) (statute creates no right of subrogation or assignment in the insurer, merely right of reimbursement); *Transport Indem. Co.*, 89 N.M. at 345, 552 P.2d at 476 (statute does not create assignment of the cause of action; creates only a right of reimbursement).

Furthermore, the workers' compensation carrier's claim for reimbursement of proceeds paid is against the worker and not the third party. *Transport Indem. Co.*, 89 N.M. at 345, 552 P.2d at 476. The "right to collect" through assignment of the original creditor's rights constitutes subrogation. In contrast, reimbursement is from the "amounts received by the workman because the workman sues for the entire amount of damages suffered. Since the 'right to collect' is in the workman, the compensation insurer does not own the right to enforce liability and cannot release the third party from liability." *Herr-*

*era*, 85 N.M. at 8, 508 P.2d at 1305 (citation omitted); *see also American Gen. Fire & Casualty Co. v. J.T. Constr. Co.*, 106 N.M. 195, 196, 740 P.2d 1179, 1180 (Ct.App.1987) (only cause of action against third-party wrongdoer is by worker; right of reimbursement creates only a cause of action against the claimant who has recovered from the third party). Clearly, St. Joseph's cause of action is against Worker. The only unique issue raised by St. Joseph is whether third-party tortfeasors may disburse funds to a worker *knowing* that another has a right of reimbursement.

## B. *NO AFFIRMATIVE DUTY ON THIRD PARTY TO PROTECT RIGHT OF REIMBURSEMENT*

St. Joseph tries to imply an affirmative duty on Travelers and Ohio Casualty to reimburse St. Joseph directly when disbursing settlement proceeds. The numerous examples St. Joseph attempts to analogize, however, are inapplicable. For instance, St. Joseph tries to suggest the Hospital Lien Act may be pertinent to this case. However, NMSA 1978, Section 48–8–3(A) (Repl. Pamp.1987), requires the affirmative action of establishing a lien:

> Any person, firm or corporation, including an insurance carrier, making any payment ... as compensation for the injury sustained, *after the filing and receipt of written notice of the lien* ... without paying the hospital asserting the lien ... shall be liable to the hospital for the amount that the hospital was entitled to receive. (Emphasis added.)

A creditor may therefore acquire rights in particular funds where a statute grants a lien; however, Section 52–5–17, *the relevant statutory section in this proceeding*, does not.

Additionally, we agree that when a plaintiff has made written assignment of particular funds from a third party to a creditor, the creditor has an enforceable legal right to the funds. *See Romero v. Earl*, 111 N.M. 789, 790, 810 P.2d 808, 809 (1991) (attorney failing to pay chiropractor from proceeds of lawsuit when plaintiff made written assign-

ment was held liable). However, St. Joseph did not obtain such a document from Worker.

St. Joseph also points out that a creditor may be granted subrogation rights by way of contract. There is no evidence that St. Joseph had contractual subrogation rights from Worker. Furthermore, neither Travelers nor Ohio Casualty were garnishees who failed to pay a creditor. St. Joseph tries to gain relief from its claim that Travelers and Ohio Casualty knowingly failed to protect its right of reimbursement under Section 52–5–17. However, Section 52–5–17 creates no obligation for third-party tortfeasors to disburse assets even if other states read their similarly worded statutes differently. *See, e.g., Travelers Ins. Co. v. Seidel,* 705 S.W.2d 278, 280 (Tex.Ct.App.1986) (Texas statute gives compensation carrier subrogation right). As discussed above, New Mexico does not read its statute to create a subrogation right.

St. Joseph claims it would have been easy for Travelers and Ohio Casualty to disburse their settlement checks with both St. Joseph's and Worker's name on them, thereby protecting its right of reimbursement. Insurance companies may indeed follow such practice out of professional courtesy, but the legislature simply did not create such an affirmative duty under Section 52–5–17. St. Joseph's only statutory right is the right to reimbursement from the settlement proceeds, which is enforced against *Worker. Transport Indemnity* is dispositive—on which the trial court correctly relied. Thus, we find this argument without merit.

## C. *HOLDING DOES NOT VIOLATE EQUITABLE RIGHTS*

St. Joseph admits in its brief that the only cause of action against the third-party tortfeasors belongs to Worker, but claims that Travelers' and Ohio Casualty's independent conduct in failing to reimburse St. Joseph is culpable. St. Joseph asserts that holding Travelers and Ohio Casualty liable would promote the purpose of Section 52–5–17 by repaying employers, preventing double recovery to workers, and equitably distributing loss. In St. Joseph's scenario, third-party tortfeasor insurers would pay twice; first to the worker, and then again to the workers' compensation carrier after the worker disappears with settlement proceeds. St. Joseph recommends we place the repayment burden on tortfeasors or their insurers, those who are "culpable," because they have a "simple" means of protecting themselves (by placing known workers' compensation creditors on settlement checks). Absent legislative direction, we will not create an affirmative duty on insurers to search out creditors *or* repay those known to exist. "Whether the insurance carrier is entitled to any part of the recovery in this case is no concern of" Travelers or Ohio Casualty. *Kandelin v. Lee Moor Contracting Co.,* 37 N.M. 479, 489, 24 P.2d 731, 736 (1933). The burden for payment of reimbursement rests on the shoulders of the appropriate party—the worker.

St. Joseph in fact has obtained a default judgment against Worker. We are not unsympathetic to St. Joseph's inability to collect from the vanished Worker. However, we note with approval that Travelers and Ohio Casualty, without a duty to do so, in fact acted diligently in trying to ascertain whether St. Joseph's right had been satisfied. The record reflects that Ohio Casualty obtained the signature of both Worker and his attorney on a release prior to settlement. Although we do not comment in this opinion on the implications of those signatures, nonetheless, that is some indication that Ohio Casualty did make inquiry concerning carrier's right of reimbursement and that is a factor in balancing the equities among the parties.

■ Furthermore, we find the contention that an employer has no means to protect its rights if worker and tortfeasor settle out of court has no merit. Employers may intervene in lawsuits and sue as co-plaintiff at least for the purposes of protecting their interest without necessarily gaining full participation as a party. *Fernandez,* 118 N.M. at 107, 879 P.2d at 108. *See also Varney v. Taylor,* 71 N.M. 444, 379 P.2d 84 (1963); *Reed v. Styron,* 69 N.M. 262, 365 P.2d 912 (1961); and *Kandelin.* Moreover, St. Joseph could have made prior arrangements with Worker. "[A]lthough it is clear that the right of subrogation does not arise by operation of law under [the statute section], New

Mexico courts have never excluded the possibility of this right arising by convention or contract between the parties." *Seaboard,* 96 N.M. at 635, 633 P.2d at 1233 (citation omitted). Worker can formally transfer all rights to the insurer. *See id.; see also Herrera;* and *American Gen. Fire & Casualty Co.* (workers' compensation carrier protected itself by securing an assignment of any cause of action before paying benefits to worker).

■ The right to reimbursement "is not waived by failure to participate in the trial of the workman's action against the third party. That statutory right may be protected in a variety of ways.... [One way is] by allowing intervention after judgment ha[s] been entered against the tortfeasor. See the method of protecting the insurer's rights in *Varney* and [*Royal Indemnity Company v. Southern California Petroleum Corporation,* 67 N.M. 137, 353 P.2d 358 (1960)]." *Herrera,* 85 N.M. at 9, 508 P.2d at 1306 (citation omitted). St. Joseph failed to protect its *own* rights; it made no attempt to intervene after the settlement judgment was entered (*see Herrera, Fernandez*), or file notice of its rights in the case.

## CONCLUSION

We refrain from creating a duty on third-party insurance companies to protect workers' compensation carrier's right to reimbursement. Such duty exists under subrogation rights, not under the Section 52–5–17 right to reimbursement. To hold for St. Joseph would render the rights under the section closer to that of subrogation; as we discussed above, case law has determined that Section 52–5–17 confers no such right. St. Joseph may pursue its claims against Worker and his attorneys. Under *Transport Indemnity* and its progeny, St. Joseph has a right of reimbursement from a third-party tortfeasor. However, it has no right to sue a third-party tortfeasor or its insurer under Section 52–5–17. St. Joseph's complaint accordingly fails to state a claim upon which it may recover. We therefore affirm the trial court's dismissal of St. Joseph's claims against Travelers and Ohio Casualty.

**IT IS SO ORDERED.**

DONNELLY and BOSSON, JJ., concur.