2005-NMCA-144

125 P.3d 664

**LIBERTY MUTUAL INSURANCE COMPANY and Atlas Resources, Plaintiffs–Appellants,**

v.

**Richard SALGADO, Defendant–Appellee.**

**No. 25,302.**

Court of Appeals of New Mexico.

Nov. 16, 2005.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Edward Ricco, Jocelyn C. Drennan, Albuquerque, NM, for Appellants.

Dines & Gross PC, Robert A. Corchine, Steven J. Leibel, Albuquerque, NM, for Appellee.

## OPINION

PICKARD, Judge.

{1} This appeal involves the right of an employer and its insurer (Plaintiffs) to pursue an action against an allegedly negligent third-party defendant (Defendant) to recover workers' compensation benefits paid to two injured workers. On appeal, Plaintiffs argue

that the district court erred in dismissing Plaintiffs' claims against Defendant because *Gutierrez v. City of Albuquerque,* 1998–NMSC–027, 125 N.M. 643, 964 P.2d 807, now recognizes a direct right of subrogation for employers/insurers against third-party tortfeasors under NMSA 1978, § 52–5–17 (1990). In the alternative, Plaintiffs argue that their claims should nonetheless be reinstated because they have a right to intervene to protect their statutory right to reimbursement. Under either scenario, Plaintiffs contend that a statute of limitations bar to a worker's tort claim should not bar an employer/insurer from pursuing its own timely filed action for recovery against a third party.

{2} We hold that *Gutierrez* did not expand Section 52–5–17 to recognize an independent right to bring suit against a third-party tortfeasor. Consistently with our case law, we conclude Section 52–5–17 only provides a right to seek reimbursement from injured workers for workers' compensation benefits when workers also recover from a third party. Because the statute provides a derivative right, we further hold that Plaintiffs' claims for reimbursement against Defendant for benefits paid to one worker are barred by the statute of limitations. Although Plaintiffs suggest they have a right to intervene in the other worker's third-party action, we do not address this issue because Plaintiffs did not preserve the argument before the district court. We therefore affirm the district court's dismissal of Plaintiffs' subrogation claims.

## BACKGROUND

{3} Roberto Chavez and Enrique Mier Rojo were injured in the course and scope of their employment while repairing the roof of a house owned by Defendant. The workers recovered workers' compensation benefits from their employer, Atlas Resources, provided by Liberty Mutual Insurance Company (Plaintiffs). Before either worker had filed tort actions to recover damages relating to the injuries for which they had received benefits, Plaintiffs filed a complaint against Defendant alleging, based on *Gutierrez,* that they were entitled to pursue subrogation claims against Defendant to recover for workers' compensation benefits they paid to

the workers. Both workers subsequently filed individual personal injury actions against Defendant, which were consolidated with Plaintiffs' claims for subrogation.

{4} The district court granted summary judgment disposing of Rojo's claim because the statute of limitations had run before Rojo filed his lawsuit. In the remaining consolidated actions of Plaintiffs and Chavez, Defendant filed a motion (joined by Chavez) to dismiss Plaintiffs' subrogation claims under Rule 1–012(B)(6) NMRA. Defendant argued that Section 52–5–17 does not create an independent cause of action for employers/insurers but only provides the right to seek reimbursement when a worker receives workers' compensation benefits and then recovers duplicate compensation in a third-party tort action. Defendant argued that *Gutierrez* did not change this long-standing interpretation of the statute. Thus, he argued, Plaintiffs had no right to bring their own suit against the third party. Defendant also argued that the limitations bar to Rojo's claim precluded Plaintiffs from recovering benefits paid to Rojo. After a hearing, the district court granted Defendant's motion to dismiss. Plaintiffs timely appealed the dismissal.

## DISCUSSION

{5} We begin our analysis of this case by addressing Plaintiffs' contention that *Gutierrez* changed the interpretation of Section 52–5–17 from a reimbursement statute to a subrogation statute. We then proceed to analyze Plaintiffs' alternative argument that, regardless of how we interpret *Gutierrez,* the district court erred in dismissing their subrogation claims because Plaintiffs should be allowed to remain in the suit to protect their right to reimbursement. Finally, we address Plaintiffs' contention that the statute of limitations does not bar their claims.

### Standard of Review

{6} A district court's ruling under Rule 1–012(B)(6) raises a question of law we review de novo. *See Wallis v. Smith,* 2001–NMCA–017, ¶ 6, 130 N.M. 214, 22 P.3d 682. A district court's order of dismissal for failure to state a claim under Rule 1–012(B)(6) tests the legal sufficiency of the complaint. *Wallis,* 2001–NMCA–017, ¶ 6, 130 N.M. 214, 22

P.3d 682. Dismissal is proper when the law does not support the claim under any state of facts provable under the claim. *Id.*

## Section 52–5–17 Provides Employer/Insurer with a Right to Reimbursement

{7} As Plaintiffs concede, appellate courts in New Mexico have consistently interpreted Section 52–5–17 as a reimbursement statute, which allows employers/insurers who pay workers' compensation benefits the right to collect from workers who subsequently recover damages from negligent third parties. However, Plaintiffs allege that the Supreme Court changed the law on this issue in *Gutierrez.* Plaintiffs argue that New Mexico now views Section 52–5–17 as providing an employer/insurer with a direct right of subrogation against a third-party tortfeasor. This issue involves statutory interpretation, which we review de novo. *See Morgan Keegan Mortgage Co. v. Candelaria,* 1998–NMCA–008, ¶ 5, 124 N.M. 405, 951 P.2d 1066.

{8} Section 52–5–17(B), entitled "Subrogation," provides:

[T]he receipt of compensation from the employer shall operate as an assignment to the employer or his insurer . . . of any cause of action, to the extent of payment by the employer to or on behalf of the worker for compensation or any other benefits to which the worker was entitled under the Workers' Compensation Act . . . and that were occasioned by the injury or disablement, that the worker or his legal ·representative or others may have against any other party for the injury or disablement.

{9} Despite the title and plain language of Section 52–5–17 and its predecessors, our courts have historically held that an employer/insurer does not have a statutory assignment or subrogation interest in a worker's third-party claim. *See St. Joseph Healthcare Sys. v. Travelers Cos.,* 119 N.M. 603, 606, 893 P.2d 1007, 1010 (Ct.App.1995) (noting that case law clearly interprets section as a reimbursement statute); *Seaboard Fire & Marine Ins. Co. v. Kurth,* 96 N.M. 631, 633, 635, 633 P.2d 1229, 1231, 1233 (Ct. App.1980) (recognizing that, although a worker may assign the claim by contract, the statute only creates a right of reimbursement and not a right of subrogation or assignment in the employer/insurer). Our courts also have established that an employer's/insurer's right of action for reimbursement under Section 52–5–17 is against the worker and not the third party. *See St. Joseph Healthcare Sys.,* 119 N.M. at 606, 893 P.2d at 1010. Because the right to collect is the worker's, the employer/insurer does not own the right to enforce liability. *Herrera v. Springer Corp.,* 85 N.M. 6, 8, 508 P.2d 1303, 1305 (Ct.App.1973), *aff'd in part and rev'd in part on other grounds,* 85 N.M. 201, 510 P.2d 1072 (1973).

{10} As our case law makes clear, the right of subrogation does not arise by operation of law under the statute. *Seaboard Fire & Marine Ins. Co.,* 96 N.M. at 635, 633 P.2d at 1233. "We have held this to be a reimbursement statute and that there is but a single cause of action in the employee, even though a part of the recovery is to be paid to the employer or his insurer." *Royal Indem. Co. v. S. Cal. Petroleum Corp.,* 67 N.M. 137, 144, 353 P.2d 358, 363 (1960). Absent an express assignment of the right, recovery by an employer/insurer of workers' compensation benefits paid to the worker depends upon the worker successfully pursuing a claim against a third-party tortfeasor responsible for the worker's injury. *See Seaboard Fire & Marine Ins. Co.,* 96 N.M. at 633–35, 633 P.2d at 1231–33; *Transport Indem. Co. v. Garcia,* 89 N.M. 342, 344–45, 552 P.2d 473, 475–76 (Ct.App.1976). Therefore, an employer's/insurer's statutory right of reimbursement is not effective until a worker recovers upon the third-party claim by verdict or settlement. *See id.*

{11} Plaintiffs now assert that *Gutierrez* overruled our longstanding precedent regarding Section 52–5–17. In *Gutierrez,* the Supreme Court addressed how to apportion a worker's recovery from a third-party tortfeasor between the worker and an employer pursuant to the employer's statutory right of reimbursement. 1998–NMSC–027, ¶ 4, 125 N.M. 643, 964 P.2d 807. In discussing apportionment, the Court described the interest of an employer that attaches after a worker recovers from a third party in terms of sub-

rogation. *Id.* ¶ 20 ("Once the *amount* of the employer's interest in the tort recovery has been determined, we believe the legislature intended that amount to be paid or assigned to the employer under principles of subrogation."). Plaintiffs argue the Court's language indicates a new interpretation of Section 52–5–17 as a subrogation statute.

{12} We think Plaintiffs ascribe too much importance to the subrogation language in *Gutierrez*. In *Gutierrez*, the Court specifically addressed the extent of an employer's interest in a worker's fair but partial recovery *after* the third-party claim has been reduced to a sum certain. 1998–NMSC–027, ¶ 2, 125 N.M. 643, 964 P.2d 807. Thus, *Gutierrez* was concerned solely with the division of tort recovery, not with whether an employer/insurer would have its own cause of action. In the context of apportionment, the Court recognized that an employer's/insurer's interest in recapturing benefits paid to workers who receive compensation for their injuries from other sources is entitled to protection by legal principles that avoid inequities to employers. *See id.* ¶¶ 9, 20. However, the Court did not hold that an employer's interest in recovery vested on its own, apart from any action initiated by a worker against a third-party defendant who allegedly caused the worker's injuries. Thus, we cannot conclude that the discussion of subrogation in *Gutierrez* was intended to depart from our previous understanding of the statute as operating on principles of reimbursement. *See City of Sunland Park v. Paseo Del Norte Ltd. P'ship*, 1999–NMCA–124, ¶ 7, 128 N.M. 163, 990 P.2d 1286 (stating that an opinion should not be used as authority for a proposition not explicitly addressed in the opinion).

{13} Section 52–5–17 is designed to prevent a windfall of double recovery to a worker and to protect an employer's/insurer's right to obtain reimbursement. *See Chavez v. S.E.D. Labs.*, 2000–NMSC–034, ¶ 6, 129 N.M. 794, 14 P.3d 532. Under the decades-old decisions discussed in paragraphs 9 and 10, an employer/insurer seeking reimbursement is limited to intervening in the worker's lawsuit against the third-party tortfeasor or to obtaining a formal assignment of the worker's rights against the tort-

feasor to claim a right of subrogation. *See St. Joseph's Healthcare Sys.*, 119 N.M. at 607–08, 893 P.2d at 1011–12. Those decisions have not been overridden by legislative action in the intervening years, and we believe it prudent for us to be cautious about reading too much into the Supreme Court's language in *Gutierrez*. *See State v. Morro*, 1999–NMCA–118, ¶ 23, 127 N.M. 763, 987 P.2d 420 (indicating that when there is a long history of a certain interpretation of a statute, principles of stare decisis argue strongly for continuing that interpretation).

{14} New Mexico courts have in our view properly balanced the limited right of reimbursement against the overriding concern of a worker's right to litigate the third-party suit without interference. *See Fernandez v. Ford Motor Co.*, 118 N.M. 100, 107, 879 P.2d 101, 108 (Ct.App.1994). This concern looms larger given the Supreme Court's item-by-item allocation of the worker's tort recovery in *Gutierrez*, 1998–NMSC–027, ¶¶ 14–19, 125 N.M. 643, 964 P.2d 807. Under *Gutierrez*, certain items of recoverable damages—for example pain and suffering—are not subject to reimbursement claims by the employer/insurer. This limitation creates an inevitable conflict between workers and employers in the tort proceedings. Workers in the tort suit will likely advocate for a proportionally greater award for pain and suffering while employers will advocate for a proportionately greater award for medical expenses or lost wages. The difference in their interest could create conflict in such basic decisions as to whether to settle or take a matter to trial. These practical realities counsel that we not view the *Gutierrez* language on which Plaintiffs reply as a sharp break from our past cases.

{15} For these reasons, we do not think the *Gutierrez* Court intended either expressly or implicitly to overrule the idea that Section 52–5–17 is a reimbursement statute pursuant to which an employer/insurer has a limited role. We therefore reject Plaintiffs' argument that we should interpret their right of reimbursement under the statute as supporting a direct and independent claim for subrogation against a third-party tortfeasor. Thus, the district court did not

err in dismissing Plaintiffs' subrogation claims based on *Gutierrez.*

## District Court Did Not Err in Dismissing Plaintiffs From Lawsuit

■ {16} Plaintiffs argue that even if we conclude that New Mexico does not recognize a direct right of action for subrogation against a third-party tortfeasor, the district court still erred in dismissing Plaintiffs from the lawsuit. In Plaintiffs' view, they should have been allowed to remain as co-plaintiffs to pursue their statutory right of reimbursement. We first address Defendant's contention that this issue was not preserved before the district court. In reviewing a Rule 1–012(B)(6) dismissal for failure to state a claim, the normal rules of preservation apply. *See* Rule 12–216(A) NMRA; *Spectron Dev. Lab. v. Am. Hollow Boring Co.,* 1997–NMCA–025, ¶ 32, 123 N.M. 170, 936 P.2d 852 (noting that the rules "serve the important purposes of expediting litigation and promoting finality" and holding that normal preservation rules apply to dismissals for failure to state a claim). Therefore, it must appear that Plaintiffs presented this argument below and invoked a ruling of the district court on the matter. *See Woolwine v. Furr's, Inc.,* 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App. 1987).

■ {17} Plaintiffs contend that the issue of whether Plaintiffs should have been allowed to remain as co-plaintiffs even without a direct right of subrogation was adequately before the district court due to the procedural posture of the case and their arguments in response to the motion to dismiss. According to Plaintiffs, they became parties to the workers' actions when the district court consolidated their subrogation claims with the workers' actions. While pursuing their subrogation claims, Plaintiffs argue they gave the district court notice of their objective as co-plaintiffs to recover benefits paid to the injured workers. Plaintiffs claim that by arguing in response to the motion to dismiss that *Gutierrez* created a new right of subrogation, they notified the district court by inference that the cases prior to *Gutierrez* established a derivative right of reimbursement. Thus, Plaintiffs maintain they adequately alerted the district court that it would be error to dismiss their claims because they were entitled to reimbursement.

■ {18} Notwithstanding these arguments, we find nothing in the record to indicate Plaintiffs based their argument that they should remain in the lawsuit on the ground that they have a right to intervene in the workers' suits. Plaintiffs initiated their subrogation claim before there was any action by the workers in which to intervene. The first amended complaint does not request leave for intervention and does not allege Plaintiffs received an express assignment from either worker. Nor did Plaintiffs attempt to join either worker as an involuntary plaintiff prior to the statute of limitations. After the workers filed their own actions against Defendant, Plaintiffs did not attempt to intervene in either worker's personal injury action. In response to the motion to dismiss, the record indicates no request for leave to amend Plaintiffs' complaint to intervene. Instead, Plaintiffs continued to allege full participatory rights as co-plaintiffs. Thus, it appears from the record that the issue before the district court was whether the statute provided Plaintiffs with a direct right of subrogation, and not the alternative ways Plaintiffs could remain at least a nominal party in the lawsuit to protect their right of recovery. Rather than treat hearings on motions to dismiss as rehearsals for appellate review, we review the case actually litigated below. *Spectron,* 1997–NMCA–025, ¶ 32, 123 N.M. 170, 936 P.2d 852. Because Plaintiffs did not argue that they should remain in the lawsuit as anything but co-plaintiffs with independent subrogation rights, the issue of whether the district court erred in dismissing Plaintiffs because they have a right to intervene fails on preservation grounds.

{19} Even if not preserved, Plaintiffs argue that the issue of whether the district court erred in dismissing them from the lawsuit should be decided as a matter of general importance to clarify procedures for pursuing reimbursement claims in a single judicial action. We decline to do so. As we have indicated, a number of procedures already exist to allow an employer/insurer to partici-

pate in a lawsuit in a limited capacity. These procedures attempt to protect an employer's/insurer's interest in reimbursement without encroaching on a worker's right to recover for personal injuries against third-party tortfeasors. In reaching this conclusion, we express no opinion on Plaintiffs' ability to intervene in any pending litigation in *Chavez v. Salgado*, Second Judicial Dist. No. CV–2003–2979.

### Statute of Limitations Defense to Worker's Tort Claim Bars Plaintiffs' Claim for Reimbursement

{20} Having concluded that *Gutierrez* does not recognize a direct right of subrogation, we summarily reject Plaintiffs' claim that pursuant to that right, a statute of limitations defense that operates to bar a worker's tort claim does not operate to bar an employer's/insurer's subrogation claim. We do, however, discuss Plaintiffs' argument that their timely claim for reimbursement for benefits paid to Rojo should not be barred by Rojo's failure to institute a timely lawsuit.

{21} Plaintiffs argue that even if we conclude that *Gutierrez* did not recognize a direct right of subrogation, our Supreme Court clearly communicated the goal of implementing alternative legal principles to avoid inequities to employers/insurers arising from the mishandling of a third-party claim. *See* 1998–NMSC–027, ¶¶ 9, 20, 125 N.M. 643, 964 P.2d 807. As Plaintiffs argue, if an employer's/insurer's otherwise timely filed claim is barred from proceeding because a worker failed to file a timely third-party claim, an employer/insurer must forfeit the ability to recover benefits paid to the worker, which allows the defendants to escape without accountability. Instead of making the wrongdoer pay for its negligent actions as *Gutierrez* indicated was desirable, the workers' compensation system must bear the losses. In Plaintiffs' view, these results contravene the principle of employing alternative legal principles to avoid inequities to employers/insurers.

{22} As Plaintiffs concede, this Court has previously indicated that a statute of limitations bar to a worker's tort claim would preclude an employer's/insurer's claim for reimbursement. *See Seaboard Fire & Marine Ins. Co.*, 96 N.M. at 632–33, 633 P.2d at 1230–31. Plaintiffs now assert that *Seaboard Fire & Marine Insurance Co.* no longer controls this issue because *Seaboard Fire & Marine Insurance Co.* was decided when our courts viewed the statute as seeking only to prevent double recovery by a claimant. Now that the Supreme Court in *Gutierrez* has recognized additional objectives in Section 52–5–17, such as avoiding inequities to employers, Plaintiffs contend this Court must construe the statute to realize those goals.

{23} We reject Plaintiffs' contention that because of the employer/insurer fairness concepts articulated in *Gutierrez*, we should no longer adhere to *Seaboard Fire & Marine Insurance Co.* As we have discussed, the statute does not provide Plaintiffs with an independent claim for subrogation. Section 52–5–17 provides a right for reimbursement that derives from a worker's right to recover damages from a negligent third party. Absent an independent cause of action, Plaintiffs lack standing to maintain a third-party claim against Defendant. That is not to say that employers/insurers lack alternatives. For example, an employer/insurer may arrange for an assignment of a worker's cause of action against a tortfeasor or intervene in a worker's action for the limited purpose of collecting any compensation the worker receives that duplicates the benefits paid. *See St. Joseph Healthcare Sys.*, 119 N.M. at 607–08, 893 P.2d at 1011–12. However, these types of dependent claims are subject to the same defenses the third party may assert against a worker's claim, including a statute of limitations defense. *See Seaboard Fire & Marine Ins. Co.*, 96 N.M. at 632–33, 633 P.2d at 1230–31; *Transport Indem. Co.*, 89 N.M. at 344, 552 P.2d at 475. For the foregoing reasons, we conclude that once the district court properly dismissed Rojo's claim against Defendant as barred by the statute of limitations, Plaintiffs' claim for subrogation or reimbursement also was barred.

### CONCLUSION

{24} We affirm the order of the district court dismissing Plaintiffs' claim for subrogation against Defendant.

{25} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge and JONATHAN B. SUTIN, Judge.