This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**VICTOR ESCOBAR,**

Plaintiff-Appellant,

v.                                                            **NO. 32,846**

**SUNRAY GAMING OF NEW MEXICO, LLC, a/k/a SUNRAY PARK AND CASINO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Violet C. Otero, District Judge**

Martin E. Threet & Associates
Martin E. Threet
Albuquerque, NM

for Appellant

French & Associates, P.C.
Joel M. Young
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Plaintiff has appealed from the dismissal of his complaint and an award of sanctions. We issued a notice of proposed summary disposition, proposing to uphold the decisions rendered by the district court. Defendant has filed a combined memorandum in support and motion for additional sanctions, and Plaintiff has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** As an initial matter, we will address Defendant's motion for additional Rule 1-011 NMRA sanctions. [MIS 2-3] For the reasons previously set forth in the notice of proposed summary disposition and as further described below, we conclude that the district court's award of sanctions is affirmable. However, in our estimation the representations contained in the docketing statement to which Defendant objects [MIS 2-3] may be regarded as historical recitation, rather than perpetuation of groundless accusations. We therefore deny Defendant's motion.

**{3}** Turning to the merits, because we have previously described the pertinent background information and discussed the merits at some length, we will avoid undue repetition here. Instead, we will focus on the content of the memorandum in opposition.

**{4}** By his first and fifth issues, Plaintiff has challenged the manner in which the first order of dismissal was submitted by opposing counsel and entered by the district

court. [DS 7-8; MIO 2-6] As we previously observed, the district court rejected Plaintiff's assertion that defense counsel misrepresented his concurrence. The record supports the district court's assessment, [RP 93-95, 99-105, 129-130] which we remain unwilling to second-guess. *See generally State v. Martinez*, 2002-NMSC-008, ¶ 74, 132 N.M. 32, 43 P.3d 1042 (Serna, C.J., dissenting) ("When a district court settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable, this because [u]ltimately the [District] Court has direct knowledge of what the parties [stated in the] case and of what the Court's own general procedures are." (alterations in original, internal quotation marks, and citation omitted)).

{5}     In his memorandum in opposition Plaintiff now takes the position that insofar as he was entitled to file his objections up until the end of the ninth day after the decision had been announced, the district court jumped the proverbial gun by entering the draft order on the morning of ninth day. [MIO 2-3, 6; RP 81-83] Plaintiff also now argues that insofar as neither approval nor a formal presentment hearing had occurred pursuant to the local rules, the district court was not at liberty to enter the order. [MIO 2-3, 5-6] We remain unpersuaded. Plaintiff was given ample notice regarding the content of the proposed form of order, together with the opportunity to take a position, which he repeatedly declined to do. Under such circumstances, failure to strictly

3

adhere to the local rules does not render the order void. *See, e.g.*, *In re Adoption of Homer F.*, 2009-NMCA-082, ¶¶ 27-28, 146 N.M. 845, 215 P.3d 783 (addressing a similar technical violation of a local rule, and concluding that if the parties received notice of the proposed order and were allowed to assert their arguments, compliance is sufficient, and the order is not rendered void); *Muse v. Muse*, 2009-NMCA-003, ¶¶ 31-32, 145 N.M. 451, 200 P.3d 104 (arriving at a similar conclusion under analogous circumstances). Moreover, given that the district court subsequently considered extensive arguments and conducted a hearing on Plaintiff's motion to strike, thereby providing Plaintiff with additional notice and yet another opportunity to present his position, [RP 84-129] only after which the district court entered its second order of dismissal, [RP 131-32] we conclude that any procedural irregularity associated with the entry of the first order was rectified. *See In re Homer F.*, 2009-NMCA-082, ¶ 28 (discussing functionally equivalent presentment hearings).

{6}     By his second issue Plaintiff has challenged the imposition of sanctions against him. [DS 7] Plaintiff characterizes defense counsel's motion for sanctions as impermissibly designed to intimidate or coerce, [MIO 6-8] characterizes the district court's ruling as "vengeful in nature," [MIO 9] and contends that he was improperly sanctioned for advancing a good-faith but unsuccessful legal argument. [MIO 9] However, the record belies Plaintiff's assertions. As we previously observed in the

4

notice of proposed summary disposition, the award was premised on Plaintiff's unfounded attacks on defense counsel. [RP 135] The district court's assessment of Plaintiff's litigation conduct, which finds ample support in the record, supplies an appropriate basis for the imposition of sanctions. *See generally Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 13, 111 N.M. 670, 808 P.2d 955 (providing that Rule 1-011 allows a court to "exercise its discretion and impose sanctions for a willful violation of the rule when it finds, for example, that a pleading or other paper signed by an attorney is not well grounded in fact, is not warranted by existing law or a reasonable argument for its extension, or is interposed for an improper purpose"). The district court "is in the best position to view the factual circumstances surrounding an alleged violation [of Rule 1-011]." *Id.* ¶ 17. In this case, we perceive no abuse of discretion. *See generally Lowe v. Bloom*, 1991-NMSC-058, ¶ 5, 112 N.M. 203, 813 P.2d 480 (providing that the imposition of sanctions pursuant to Rule 1-011 NMRA is reviewed for abuse of discretion).

{7}    By his third and fourth issues Plaintiff has challenged the district court's decision on the merits, contending that the complaint should not have been dismissed insofar as a viable claim *could* have been advanced based on faulty equipment or a dangerous condition on the premises (specifically, the starting gate). [MIO 10-15] However, Plaintiff acknowledges that he did not allege a defective starting gate in his

complaint, [MIO 12] and contrary to Plaintiff's suggestion, the district court's ruminations do not rectify that deficiency. [MIO 11-13] The fact that a viable claim might theoretically have been advanced is not material; it was incumbent upon Plaintiff to allege the essentials within the complaint itself. Plaintiff's total failure to advance any allegation of faulty equipment or a dangerous condition on the premises constitutes the sort of deficiency which supports dismissal for failure to state a claim. *See generally Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861 ("A complaint should not be dismissed unless there is a total failure to allege some matter essential to the relief sought.").

**{8}** Plaintiff now contends that the district court erred in dismissing the complaint with prejudice, arguing that he should have been permitted to amend to assert a claim based on faulty equipment. [MIO 13-15] However, in light of Plaintiff's failure to timely file objections to the proposed form of order dismissing the complaint with prejudice,[RP 83] notwithstanding notice and the opportunity to do so, the district court concluded that Plaintiff had waived any objection. [RP 130] Moreover, we find no indication in the record that Plaintiff ever sought leave to amend his complaint. Under the circumstances, we conclude that the matter is not properly before us. *See, e.g.*, *San Juan Agric. Water Users Ass'n v. KNME-TV,* 2010-NMCA-012, ¶¶ 33-37, 147 N.M. 643, 227 P.3d 612 (declining to consider a party's entitlement to amend

where leave to amend was never sought, but only hypothetically suggested, and notwithstanding the fact that the claimants would likely have been entitled to amend had they sought leave to do so), *rev'd on other grounds*, 2011-NMSC-011, 150 N.M. 64, 257 P.3d 884; *and see generally Liberty Mut. Ins. Co v. Salgado*, 2005-NMCA-144, ¶ 18, 138 N.M. 685, 125 P.3d 664 (stating that where the record contained no request for leave to amend the complaint in response to a motion to dismiss, this Court would not consider the matter on appeal; instead, we will confine appellate review the case actually litigated below).

{9}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{10}     **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**CYNTHIA A. FRY, Judge**