This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38607**

**STARR INDEMNITY & LIABILITY COMPANY as Subrogee of LUIS LEVARIO,**

  Plaintiff-Appellant,

v.

**ABEL A. NOGUERA and CHECKMATE TRANSPORT, L.L.C.,**

  Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Judge**

Hoffman Kelley Lopez LLP
Jeffrey L. Federspiel
Lloyd Hoffman
Albuquerque, NM

for Appellant

Butt, Thornton & Baehr, P.C.
Raul P. Sedillo
Charles B. Kraft
Sarah S. Shore
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiff Starr Indemnity & Liability Company appeals from a district court order dismissing its claims against Defendants Abel Noguera and Checkmate Transport, LLC,

with prejudice pursuant to Rule 1-012(B) NMRA. Plaintiff argues that the district court erred in dismissing its claims because it satisfied all pleading requirements and stated a claim on which relief can be granted. We affirm.

## BACKGROUND

**{2}** In January 2016, Luis Levario was injured in the course and scope of his employment after he was involved in an automobile accident in Lea County, New Mexico. Levario sought workers' compensation benefits from his employer, Butch's Rat Hole & Anchor Services. Plaintiff provided insurance coverage for Levario's workers' compensation injury and alleged that it paid medical and indemnity benefits to Levario for the work-related injuries. According to Plaintiff's complaint, it is licensed to do business in the state of Texas and all other parties are Texas residents.

**{3}** In December 2018, Levario filed a lawsuit for negligence against Defendants in New Mexico State District Court. In January 2019, Plaintiff, "as subrogee of Luis Levario," filed a separate lawsuit against Defendants in New Mexico seeking "reimbursement for its subrogation interest." Plaintiff's complaint pleaded negligence claims against Defendants Noguera and Checkmate and asserted that Checkmate was vicariously liable for Noguera's negligence. Defendants moved to dismiss Plaintiff's complaint on the grounds that Plaintiff did not have standing to bring its claims and that Plaintiff failed to state a claim upon which relief could be granted. The district court granted Defendants' motion to dismiss. Plaintiff appeals.

## DISCUSSION

**{4}** "A district court's ruling under Rule 1-012(B)(6) raises a question of law we review de novo." *Liberty Mut. Ins. Co. v. Salgado*, 2005-NMCA-144, ¶ 6, 138 N.M. 685, 125 P.3d 664. "In reviewing an order for dismissal, this Court must accept as true all facts well pled and question only whether the plaintiff may prevail under any set of facts provable under the claim." *St. Joseph Healthcare Sys. v. Travelers Cos.*, 1995-NMCA-020, ¶ 6, 119 N.M. 603, 893 P.2d 1007. "A district court's order of dismissal for failure to state a claim under Rule 1-012(B)(6) tests the legal sufficiency of the complaint." *Liberty Mut. Ins. Co.*, 2005-NMCA-144, ¶ 6. "Dismissal is proper when the law does not support the claim under any state of facts provable under the claim." *Id.*; *see also St. Joseph Healthcare Sys.*, 1995-NMCA-020, ¶ 6 ("The plaintiff must affirmatively show it has a legal basis for recovery.").

**{5}** We understand Plaintiff to argue that the district court erred in granting Defendants' motion to dismiss for two reasons: (1) because its complaint satisfied the applicable rules of civil procedure, and (2) because Plaintiff sufficiently pleaded a claim for property damage. In response, Defendants maintain that "New Mexico law provides no subrogation rights to compensation insurers to recover from third parties such as Defendants for injuries to a worker. Thus, under New Mexico law, [Plaintiff] fails to state a legally sufficient claim for recovery from Defendants." We agree with Defendants.

**{6}** Plaintiff's first argument provides no grounds for reversal. While Plaintiff focuses on the procedural aspects of its complaint, it has not addressed Defendants' argument that New Mexico's substantive law proscribes this type of lawsuit. NMSA 1978, Section 52-5-17(B) (1990), which governs subrogation, states:

> [T]he receipt of compensation from the employer shall operate as an assignment to the employer or his insurer, guarantor or surety of any cause of action, to the extent of payment by the employer to or on behalf of the worker for compensation or any other benefits to which the worker was entitled under the Workers' Compensation Act . . . that were occasioned by the injury or disablement, that the worker or his legal representative or others may have against any other party for the injury or disablement.

**{7}** This Court has held this statute "to be a reimbursement statute and that there is but a single cause of action in the employee, even though a part of the recovery is to be paid to the employer or his insurer." *Liberty Mut. Ins. Co.*, 2005-NMCA-144, ¶ 10 (internal quotation marks and citation omitted). "Absent an express assignment of the right, recovery by an employer/insurer of workers' compensation benefits paid to the worker depends upon the worker successfully pursuing a claim against a third-party tortfeasor responsible for the worker's injury." *Id.*; *see also St. Joseph Healthcare Sys.*, 1995-NMCA-020, ¶ 9 ("[R]eimbursement is from the amounts received by the workman because the workman sues for the entire amount of damages suffered. Since the 'right to collect' is in the workman, the compensation insurer does not own the right to enforce liability and cannot release the third party from liability." (internal quotation marks and citation omitted)). "Therefore, an employer's/insurer's statutory right of reimbursement is not effective until a worker recovers upon the third-party claim by verdict or settlement." *Liberty Mut. Ins. Co.*, 2005-NMCA-144, ¶ 10. Plaintiff has not argued that the district court erred in its interpretation of New Mexico law, and in light of the foregoing, we conclude that New Mexico's substantive law does not permit Plaintiff to pursue a direct and independent action for subrogation against Defendants.[1]

**{8}** For these same reasons, we find no merit in Plaintiff's second argument. As Plaintiff argued in the proceedings below, all of its claims were asserted "in Mr. Levario's name for recovery of [its] subrogation lien for payments made under [its] workers' compensation insurance plan[,]" and were properly dismissed for the reasons set forth above. While Plaintiff suggests on appeal that its complaint asserts a distinct claim for property damage on behalf of Butch's Rat Hole & Anchor Services for damage to a Ford F-350 truck, Plaintiff did not make this argument to the district court and failed to preserve it for appeal. Even if it had, Plaintiff's complaint does not articulate any basis entitling it to recover these damages other than in its capacity "as subrogee of Luis Levario," and Plaintiff has not addressed why such a claim is exempt from dismissal in

---

1Plaintiff affirmatively abandoned any argument that Texas law applies, writing in its brief in chief that "although this case could present an interesting choice of law question for [this] Court's review in the future, there is no need to reach that inquiry given that the [d]istrict [c]ourt erred by dismissing Plaintiff[]'s sufficiently pled property damage claim *under New Mexico law*." (Emphasis added.)

light of the authority set forth above. Accordingly, we conclude that Plaintiff has not established any error in the district court's ruling and affirm the district court's dismissal of Plaintiff's complaint.

**CONCLUSION**

**{9}** For the foregoing reasons, we affirm the district court's grant of Defendants' motion to dismiss.

**{10}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**